UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

     v.                                                    Case No.:1:21-cr-367 (RDM)

JALISE MIDDLETON.
     Defendant.

## MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE TRIAL DATE

Comes now the defendant, JALISE MIDDLETON, and moves this Honorable Court to continue the current trial date set for August 21, 2023. This request is predicated on the 5th and 6th Amendments to the United States Constitution. In support of which counsel states the following:

**I.    Legal Predicate**

In *Morris v. Slappy*, 461 U.S. 1, 11 (1983) the United States Supreme Court stated that "broad discretion must be granted trial courts on matters of continuances." As the court wrote:

> Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary `insistence upon the expeditiousness in the face of a justifiable request for delay' violates the right to assistance of counsel.

Id. at 11-12 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).

Morris does not require either the defendant or the government to establish a compelling reason to obtain a continuance.

When a motion for a continuance arguably implicates a defendant's Sixth Amendment right to counsel, the court must consider the effect of its decision on this fundamental right. A defendant's right to counsel is central to our system of justice. *See Holloway v. Arkansas*, 435

U.S. 475, 489 (1978) ("assistance of counsel is among those `constitutional rights . . . basic to a fair trial'"); *Gideon v. Wainwright*, 372 U.S. 335, 340 (1963) (the right to counsel is "fundamental").

## II.     Argument

This matter is currently set for a jury trial to begin on August 21, 2023. The defendants, Jalise and Mark Middleton, are released on conditions. Both defendants are in full compliance with the terms of their release.

### A.     The Vast Scope of Discovery Necessitates A Continuance.

The discovery made available to the defense is vast. It contains nearly 2 terabytes of electronic materials directly bearing on the alleged conduct of the defendants. In addition, the government has disclosed 29 separate global productions. These productions include more than 10,000 videos. Notwithstanding counsel's efforts, counsel has been unable to complete the review of these materials with their clients.

On May 26, 2021, this Honorable Court entered a protective order restricting counsel's ability to provide reproduction of certain discovery materials to the defendants. Consequently, counsel has been forced to devote extraordinary time reviewing these materials while in the company of the defendants. The defendants reside in Texas. To accomplish this enormous undertaking, the defendants and their counsel have regularly met via Zoom. The sheer volume of the discovery has made it nearly impossible to complete this task in the allotted time.

A continuance of the trial date would protect the defendants right to a fair trial as guaranteed by the 5th Amendment to the United States Constitution. It would permit the defendants additional time to review all the discovery materials and adequately prepare for trial.

**B.    Potential Exculpatory Evidence Requires Continuance**

While reviewing the discovery materials counsel has identified a potential witness whom, on information and belief, may have favorable evidence in support of the defendants. Upon information and belief, this witness would offer testimony defendant Mark Middleton did not assault any law enforcement officers as alleged in count 1 of the superseding indictment. Further the witness would testify that defendant Jalise Middleton acted in self-defense and did not commit the acts charged in count 1 of the superseding indictment.

Additional time is necessary to properly identify this witness and secure his presence for trial. A continuance of the trial date would protect the defendant right to present favorable evidence as guaranteed by the 5th Amendment to the United States Constitution.

**C.    A Continuance is Needed to Protect Defendants' Right to Effective Representation.**

The defendants have the right to effective representation as guaranteed by the 6th Amendment to the United States Constitution. A continuance of the current trial date would afford counsel adequate time to complete their review of the discovery materials with the defendants. This would enhance counsel's ability to effectively represent the defendant. A continuance of the current trial date would afford counsel adequate time to locate the exculpatory witness referenced herein. This would permit counsel to adduce favorable evidence on behalf of the defendants.

**III.    Conclusion**

Wherefore, the defendants respectfully request that this Honorable Court enter an order continuing the current trial date.

I ASK FOR THIS:

_____/s/_____
Robert L. Jenkins, Jr., Esq.

United States District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant JALISE MIDDLETON

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and accurate copy of the foregoing to be served upon all counsel of record via ECF on June 12, 2023.

_____/s/_____
Robert L. Jenkins, Jr., Esq.
United States District Court Bar No.: CO0003
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant JALISE MIDDLETON