UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :  CASE NO. 1:21-CR-367 |
| | : |
| MARK MIDDLETON & | : |
| JALISE MIDDLETON | : |
| | : |
| Defendant. | : |

## THE UNITED STATES' OPPOSITION
## TO DEFENDANTS' MOTIONS TO DISMISS

Defendants argue that they have been selectively prosecuted, and that the statute under which they have been charged with obstructing an official proceeding—18 U.S.C. § 1512(c)(2)—is facially unconstitutional and impermissibly applied. ECF Nos. 78, 80. As described below, the defendants, like more than 1,000 other people, have been fairly charged for their actions on January 6, 2021, and their arguments on Section 1512 have all been rejected by the D.C. Circuit. The defendants' motions to dismiss should be denied.

**I.     The Defendants Were Not Selectively Prosecuted**

Defendants argue that they are being selectively targeted, as "[s]imilar and far more serious instances of alleged criminal conduct that took place on January 6, 2021 have not been prosecuted." ECF No. 78 at 2. In particular, the defendants note, former President Donald Trump has not yet been charged with any crimes for his actions related to the attack on the Capitol. "There is absolutely no justification for the very serious charges for which Mark Middleton and Jalise have been indicted," the defendants complain, "when there has not been a single charged indicted against Donald Trump for the events of January 6, 2021." *Id.* at 5.

The defendants' false equivalences and speculation are insufficient. A federal prosecutor's decisions are afforded a "presumption of regularity" such that "in the absence of clear and

1

convincing evidence to the contrary, courts presume that [the Attorney General and United States Attorneys] have properly discharged their official duties." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (cleaned up). This presumption exists because "the decision to prosecute is particularly ill-suited to judicial review." *Wayte v. United States*, 470 U.S. 598, 607 (1985); *see also United States v. Fokker Servs. B.V.*, 818 F.3d 733, 741 (D.C. Cir. 2016) ("[J]udicial authority is . . . at its most limited when reviewing the Executive's charging determinations" because "the Judiciary . . . generally is not competent to undertake that sort of inquiry.") (cleaned up)).

The standard for overcoming the presumption of regularity "is a demanding one," *Armstrong*, 517 U.S. at 463, and this circuit requires "a two-pronged showing that: (1) the defendant was 'singled out for prosecution from among others similarly situated' and (2) 'the prosecution was improperly motivated *i.e.*, based on race, religion or another arbitrary classification.'" *United States v. Stone*, 394 F. Supp. 3d 1, 30 (D.D.C. 2019) (quoting *Branch Ministries v. Rossoti*, 211 F.3d 137, 144 (D.C. Cir. 2000)). Importantly, "[s]peculation is not enough" to find that the government has acted based on an improper motive. *United States v. Miller*, No. 1:21-CR-119-CJN, ECF No. 67 at 3; *see also Stone*, 394 F. Supp. 3d at 31 ("[A] defendant must provide something more than mere speculation or 'personal conclusions'" of selective prosecution (quoting *Armstrong*, 517 U.S. at 470)). The defendants fail to satisfy either require and present no arguments that rise above mere, wild speculation.

*First*, the Middletons have not shown that they were singled out for prosecution among other, similarly situated, people. Former President Trump was, as the defendants note, the focus of the House Select Committee to Investigate the January 6th Attack on the United States, while the Middletons were not. ECF No. 78 at 4-5. But, whatever his actions that day, the president and the Middletons were not alike: they were in different places, said different things, and took

different actions. Even comparing the Middletons to those more closely situated—those who went to and protested at the Capitol that day—the government notes that it has charged over 1,000 people so far in connection with the attack that day. Shawna Chen, *Over 1,000 people now face charges in connection to Jan. 6 riots*, AXIOS (May 19, 2023), *available at* https://www.axios.com/2023/04/06/jan6-riots-doj-charged. To probe why some people have already been charged, while others have not, would require the court to weigh:

> "Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan [that] are not readily susceptible to the kind of analysis courts are competent to undertake."

*Wayte*, 470 U.S. at 607.

*Second*, the defendants haven't shown that the prosecution was improperly motivated. The defendants have not even suggested that there was an inappropriate distinction between the defendants and the former president, or between the defendants and others at the Capitol that day. To the extent that the defendants believe that they were targeted for their political views, they have not explained how those views differed from those of President Trump or other protesters. The government represents that such a consideration played no role in the charging decision. It was the defendants' conduct, not their views, that prompted this prosecution.

## II. The Obstruction Charges Against the Defendants Are Appropriate

The defendants make a bundle of facial and as-applied attacks on 18 U.S.C. § 1512(c)(2), which prohibits corruptly obstructing of an official proceeding. ECF No. 80. The defendants concede that the D.C. Circuit "has ruled in favor of the United States" on these issues, but raise them "to preserve the record." *Id.* at 1. The defendants make three arguments. *First*, they claim that the statute is impermissibly vague, as the word "corruptly" is undefined. *Id.* at 3. *Second*, in a few different ways, they claim that to violate the statute, a defendant must take an action with

respect to some document or evidence, which the Middletons did not. *Id.* at 3-4 (claiming that the defendants didn't take "any action with respect to a document, record, or other object," "impair[] the integrity and availability of any evidence," or "take[] some action with respect to a document in order to corruptly obstruct, impede, or influence an official proceeding."). *Third*, they claim that the certification of the Electoral College vote was not an "official proceeding" as required by the statute, *id.* at 4.

### 1. The Statute Is Not Unconstitutionally Vague

The defendants argue that because it does not define "corruptly," Section 1512(c)(2) is unconstitutionally vague. ECF No. 80 at 3. It is not. The "void for vagueness" doctrine—a product of the Due Process Clause—prevents the enforcement of a criminal statute that is "so vague that it fails to give ordinary people fair notice of the conduct it punishes" or is "so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). Notably, the void for vagueness doctrine is narrow. The challenger must overcome a strong presumption that statutes are constitutional. *See United States v. Nat'l Dairy Products Corp.*, 372 U.S. 29, 32 (1963) ("The strong presumptive validity that attaches to an Act of Congress has led this Court to hold many times that statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language.").

Accordingly, the void for vagueness doctrine "does not invalidate every statute which a reviewing court believes could have been drafted with greater precision." *Rose v. Locke*, 423 U.S. 48, 49 (1975) (per curiam). Rather, a statute is unconstitutionally vague only if it "proscribe[s] no comprehensible course of conduct at all." *United States v. Powell*, 423 U.S. 87, 92 (1975). "What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what

4

that fact is." *United States v. Williams*, 553 U.S. 285, 306 (2008). District courts here have recognized a high bar for rendering a statute unconstitutionally vague and has advised:

> [N]o void for vagueness challenge is successful merely because a statute requires a person to conform his conduct to an imprecise but comprehensible normative standard, whose satisfaction may vary depending upon whom you ask. Instead, unconstitutional vagueness arises only if the statute specifies no standard of conduct at all.

*United States v. Gonzalez*, No. 20-CR-40-BAH, 2020 WL 6342948, at *7 (D.D.C. Oct. 29, 2020) (internal citation and quotation omitted); *see also United States v. Harmon*, No. 19-CR-395-BAH, 2021 WL 1518344, at *4 (D.D.C. Apr. 16, 2021) (finding that the defendant did not meet the "stringent standard" to prevail on a Rule 12 void-for-vagueness motion). In sum, "[a] statutory term is not rendered unconstitutionally vague because it does not mean the same thing to all people, all the time, everywhere. . . . Rather, a statute is unconstitutionally vague if, applying the rules for interpreting legal texts, its meaning specifies no standard of conduct . . . at all." *United States v. Puma*, 576 F. Supp. 3d 90, 103 (D.D.C. 2022) (quoting *United States v. Bronstein*, 849 F.3d 1101, 1107 (D.C. Cir. 2017)).

Although the D.C. Circuit did not resolve the meaning of the term "corruptly" in *Fischer*, both judges who joined the lead opinion determined that term is not unconstitutionally vague as used in Section 1512(c). *See Fischer*, 64 F.4th at 339-42 (Pan, J.) (explaining that, under any formulation, "'corrupt' intent exists at least when an obstructive action is independently unlawful," and that "appellees err in arguing that the term 'corruptly' 'takes on unconstitutional vagueness' in circumstances outside the context of a judicial proceeding"); *id.* at 352 (Walker, J.) (explaining that his interpretation of "corruptly" "avoids vagueness").

Even before *Fischer*, "[j]udges in this district have construed 'corruptly' to require 'a showing of dishonesty' or an 'improper purpose'[;] 'consciousness of wrongdoing'[;] or conduct that is 'independently criminal,' 'inherently malign, and committed with the intent to obstruct an

5

official proceeding.'" *Puma*, 576 F. Supp. 3d at 103 (quoting *United States v. Montgomery*, 578 F. Supp. 3d 54, 81 (2021); *United States v. Bozell*, 21-CR-216-JDB (D.D.C. 2022), 2022 WL 474144, at *6; *United States v. Caldwell*, 581 F. Supp. 3d 1, 19-20 (D.D.C. 2021); and *United States v. Sandlin*, 575 F. Supp. 3d 16, 33 (2021)) (alterations omitted).[1]  Under any of these constructions, the term "corruptly" "not only clearly identifies the conduct it punishes; it also 'acts to shield those who engage in lawful, innocent conduct—even when done with the intent to obstruct, impede, or influence the official proceeding.'" *Id.* (quoting *Sandlin*, 575 F. Supp. 3d at 33).  It presents no vagueness concern.

### 2. The Statute Does Not Require The Defendants To Take An Action Related To A Document Or Other Object

Defendants argue that to violate Section 1512(c)(2), the defendant must take an action with respect to some document or evidence.  ECF No. 80 at 3-4.  The D.C. Circuit resolved this issue in *Fischer* as well, holding that the statute "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Fischer*, 64 F.4th at 335.  The court concluded that, "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)."  *Id.* at 336 (concluding that this "broad interpretation of the statute—encompassing all forms of obstructive acts—is unambiguous and

---

[1] Indeed, upon information and belief, every court in the January 6 context, aside from Judge Nichols, has promulgated jury instructions that has adopted some form of this language, often adding that the defendant must use unlawful means or act with an unlawful purpose. *See, e.g.*, *United States v. Sara Carpenter*, 21-cr-305-JEB (ECF No. 95); *United States v. Thomas Robertson*, 21-cr-34-CRC (ECF No. 86); *United States v. Dustin Thompson*, 21-cr-161-RBW (ECF No. 83); *United States v. Anthony Williams*, 21-cr-377-BAH (ECF No. 112); *United States v. Alexander Sheppard*, 21-CR-203-JDB (final instructions not available on ECF); *United States v. Elmer Rhodes, et al*, 22-cr-15-APM (ECF No. 396); *United States v. Doug Jensen*, 21-cr-6-TJK (ECF No. 97).

natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure") (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)).  This portion of the opinion was authored by Judge Pan and joined by Judge Walker, and thus constitutes *Fischer*'s binding holding.  *Fischer* thus confirms that the indictment in this case is sufficient notwithstanding the fact that it does not allege obstructive acts related to a document, record, or other object.  *See Fischer*, 64 F.4th at 332; *see also Puma*, 596 F. Supp. 3d at 106-08 ("In sum, Section 1512(c)(2) gives defendants fair warning in plain language that a crime will occur in a different ('otherwise') manner compared to § 1512(c)(1) if the defendant 'obstructs, influences, or impedes any official proceeding' without regard to whether the action relates to documents or records.") (citing *Caldwell*, 581 F. Supp. 3d at 21).

    3.  **The Certification Of The Electoral College Vote Was An "Official Proceeding"**

The Defendants argue that Congress's constitutionally mandated process of counting and certifying the electoral college votes of the presidential election and certifying the next President and Vice President of the United States does not constitute an "official proceeding."  ECF No. 80 at 4.  Once again, the D.C. Circuit resolved this question in *Fischer*.

"The statutory definition of 'official proceeding' under § 1512(c)(2)," the court held, "includes a 'proceeding before the Congress.'"  *Fischer*, 64 F.4th at 342-43 (quoting 18 U.S.C. § 1515(a)(1)(B)).  "Although appellees strain to argue that the Electoral College vote certification is not a 'proceeding before the Congress' because it does not involve 'investigations and evidence,' we see no such limit in the ordinary meaning of the word 'proceeding.'"  *Id*. (citing *Proceeding*, Oxford English Dictionary (2d ed. 1989) ("[T]he carrying on of an action or series of actions.")).  "Notably," the Circuit continued, "Congress follows statutory directives to complete the certification of the Electoral College vote, including: (1) convening a joint session at 1:00 PM on January 6 in the year following the presidential election; (2) appointing four tellers to read and list

the votes; (3) announcement of the voting results by the President of the Senate; and (4) allowing written objections from members of Congress, subject to a procedure for submitting and resolving such objections. Those directives reflect Congress's own intent that the vote certification shall be a 'proceeding before the Congress.'" *Id*. at 343 (citations omitted); *see also Puma*, 596 F. Supp. 3d at 97-102 ("The Court concludes that Congress' activities on January 6, 2021, clearly constitute a formal assembly akin to a hearing and thus fall within this definition of an 'official proceeding' before 'the Congress.'"). As such, the certification of the presidential election, which defendants helped to disrupt, constitutes an "official proceeding" for purposes of Section 1512(c)(2).

**Conclusion**

Like more than 1,000 other people, the defendants have been charged for their actions on January 6, 2021. That other people involved in the actions that day have not—or have not yet—been charged, does not constitute selective prosecution. Moreover, as the defendants concede, their arguments about the obstruction charges they face have been overruled by the D.C. Circuit. While the defendants can preserve their objection, their motion to dismiss at this stage ought to be denied.

Respectfully submitted,

DATED: June 26, 2023

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: */s/ Sean P. McCauley*
SEAN P. McCAULEY
New York Bar No. 5600523
Assistant United States Attorney
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Sean.McCauley@usdoj.gov

BRENDAN BALLOU
DC Bar No. 241592
Special Counsel
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493