**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CASE NO. 1:21-cr-367** |
| | **:** | |
| **MARK MIDDLETON &** | **:** | |
| **JALISE MIDDLETON,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

**THE UNITED STATES' RESPONSE**
**TO DEFENDANTS' MOTION TO CONTINUE**

For the second time, the defendants have moved to vacate the trial date and continue this case. Because the defendants have now had plenty of time to review the discovery produced so far, and still have months to go before the trial itself, their motions should be denied.

Jalise and Mark Middleton were charged on April 16, 2021, four months after the attack on the U.S. Capitol. Their trial was first scheduled for December 2022, then January 2023, giving the defense more than a year and a half to prepare. Minute Order (May 10, 2022); Minute Order (May 16, 2022). Last September, however, seventeen months after they were first charged, the defendants terminated their prior attorneys and obtained new counsel. ECF Nos. 60-63. The new legal team asked for—and received—a continuance, noting that the case file they just received was "voluminous," and that it would be "virtually impossible" to review it before the original trial date. ECF No. 64 at 1 (filing by Jalise Middleton); ECF No. 66 (Mark Middleton concurring). In response to their request, the defendants received a continuance and the case was set down for a trial to commence on August 21, 2023.

That was eight months ago. Now, defendants request that the case be continued to some indeterminate date in the future, making essentially the same argument: "[t]he discovery made available to the defense is vast" and that "counsel has been unable to complete the review of these

1

materials with their clients." ECF No. 79 (filing by Mark Middleton); ECF No. 77 (Jalise

Middleton concurring). Defense counsels have had plenty of time to review the productions they

have received so far, and months more to prepare for trial.

> In this district:

> "Among the factors to be weighed by the trial judge in considering a motion for a continuance are [1] the length of the requested delay; [2] whether other continuances have been requested and granted; [3] the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; [4] whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; [5] whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; [6] whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; [and] [7] the complexity of the case."

*United States v. Eiland*, 738 F.3d 338, 355 (D.C. Cir. 2013) (internal quotations omitted). All

these factors weigh in favor of denying the continuance. On (1)—the length of the requested

stay—the defense has not proposed any particular length, while on (2)—whether previous

continuances have been granted—the defense already sought and obtained a seven-month delay to

prepare for trial. On (3)—the balance of conveniences—the government has diligently been

preparing for trial, and given the district's heavy load of trials, any continuance would, of

necessity, likely be substantial. Moreover, such a continuance would force a jerking, start-stop

schedule of preparation for all involved that would increase the total work required for this case.

On (4)—the purpose of the request—the government does not question defense counsel's

motives, though notes the many January 6 defendants have attempted a strategy of indefinitely

delaying their trials. With the many trials scheduled in this district, a single continuance can have

a cascading effect, forcing other cases to be scheduled far into the future, to the inconvenience for

everyone.

On (5)—whether the defendants have competent counsel—they do.  Defense counsel argues that a continuance "would afford counsel adequate time to complete their review of the discovery materials with the defendants." ECF No. 79 at 3.  But the defense never explains why the seven months it already received wasn't sufficient to complete just such a review. At the time of the currently scheduled trial date, counsel will have had eleven months to prepare for trial in this matter.

On (6)—whether denying the continuance will prejudice them—the defense now says that it has "identified a potential witness whom, on information and belief, may have favorable evidence in support of the defendants." ECF No. 79 at 3.[1]  The defense has not explained, however, why it will take more than two months to find and meet this single witnesses.  Moreover, the defense has not explained what information they believe this witness may have, much less how it is favorable to the defendants. There were dozens of law enforcement officers and civilians in just the immediate area around the police barricade on the West Front where the Middletons were standing at approximately 2:09 p.m. on January 6, 2021. Why, among the dozens, this particular unknown person may have favorable information that any other known person in the crowd would not have is a question that is left unanswered in the defendants' motion to continue. The reason that the defendants do not answer this question is because they cannot. Their request for a continuance to find this particular witness is based purely on speculation and inference about what information that witness might or might not have and how that information may possibly be relevant and potentially exculpatory. *See United States v. Williams*, No 1:21-cr-377 (BAH), ECF No. 108, at 5-6 ("Taken to its logical endpoint, defendant's argument would preclude nearly *any*

---

[1] The government has spoken with defense counsel about this potential witness and, although it believes that whatever information the witness may have will be of little relevant value and be subject to Fifth Amendment consideration, the government will share whatever it has to help identify them.

criminal trial on *any* subject, *ever*, from proceeding, as it is always possible that relevant information exists somewhere that is not fully known by or in possession of the parties.") (emphasis in original).

Finally, on (7)—the complexity of the case—this is an important but straightforward matter, and one that the government believes can be resolved at trial in a week or less. The defendants' violent conduct on January 6 was isolated to a two-minute period in a single location on the West Front of the Capitol, and the government has provided all the video currently in its possession showing the defendants' assaultive conduct. The case has not grown more complex in the time since the defendants' current attorneys entered their appearance in this case.  Therefore, the government and defense's likely assessment of the work involved has not changed since the defense's last continuance was granted.

## **CONCLUSION**

The defendants were charged over two years ago.  Their counsels have already received one substantial continuance to review the evidence.  The government and the public have an interest in quickly resolving this case and the many others like it.  For these and the reasons described above, the defendants' motions should be denied.

 

 

Respectfully submitted,

DATED: June 26, 2023

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    /s/ Sean P. McCauley
SEAN P. McCAULEY
New York Bar No. 5600523
Assistant United States Attorney
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Sean.McCauley@usdoj.gov

BRENDAN BALLOU
DC Bar No. 241592
Special Counsel
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493