UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )( | |
| )( | Criminal No. 21-367 (RDM) |
| v.          )( | Judge Moss |
| )( | Pretrial Conference: January 29, 2024 |
| MARK MIDDLETON and  )( | |
| JALISE MIDDLETON        )( | |

**MOTION TO SEVER DEFENDANTS DUE TO <u>BRUTON</u> ISSUES
AND POINTS AND AUTHORITY IN SUPPORT THEREOF**

COMES NOW the defendants, Mark and Jalise Middleton, by and through undersigned counsel, and respectfully move this Honorable Court, pursuant to the Sixth Amendment to the United States Constitution and Fed. R. Crim. P. 14, to sever them as defendants for trial because of <u>Bruton</u> issues that are likely to arise at trial.  In support of this motion, Mr. and Ms. Middleton would show:

1.      In this case, Mark and Jalise Middleton are charged with conduct they allegedly engaged in outside the United States Capitol on January 6, 2021.

2.      In the discovery that the government has provided to Mr. and Ms. Middleton, it has included recordings and copies of a number of out-of-court statements purportedly made by both Mr. Middleton and Ms. Middleton.  These out-of-court statements are mostly statements purportedly made my Mr. and Ms. Middleton on social media and in recorded interviews on and after January 6, 2021.  Many of the statements purportedly made by Mr. Middleton tend to incriminate not only him but also Ms. Middleton.  Conversely, many of the statements purportedly made by Ms. Middleton tend to incriminate not only her but also Mr. Middleton.  At present, it is not known which of

1

the above-referenced statements the government will actually seek to introduce against Mr. Middleton and Ms. Middleton at trial. However, it appears very likely that the government will seek to introduce against both Mr. Middleton and Ms. Middleton at least some statements purportedly made by one of them that implicate both of them.

3. Under <u>Bruton v. United States</u>, 391 U.S. 123 (1968), where the government introduces an out-of-court statement made by a non-testifying defendant that incriminates both that defendant and also a codefendant, the codefendant's inability to cross-examine the maker of that statement raises Sixth Amendment confrontation issues that require severance of the defendants for trial. Also, under Fed. R. Crim. P. 14(a), where the joinder of defendants for trial prejudices a defendant, the court "may… sever the defendants' trials[] or provide any other relief that justice requires."

4. At present, it is possible that both Mr. and Ms. Middleton will testify at trial. Obviously if this happens, then neither Mr. Middleton's not Ms. Middleton's confrontation rights will be implicated if statements made by one of them implicating the both of them are introduced at trial. However, this will not be the case, if one or both of them decide not to testify at trial.

5. Given the above, Mr. and Ms. Middleton move to be severed as defendants for trial.

WHEREFORE, the defendants, Mark and Jalise Middleton, move this Honorable Court to sever them as defendants for trial.

                                                Respectfully submitted,
                                                _____/s/_____
                                                Jerry Ray Smith, Jr.
                                                D.C. Bar No. 448699
                                                Counsel for Mark Middleton
                                                717 D Street, N.W.
                                                Suite 310
                                                Washington, DC 20004
                                                jerryraysmith@verizon.net
                                                (202) 347-6101


                                                _____/s/_____
                                                Robert Jenkins
                                                U.S. District Court Bar No. CO0003
                                                Counsel for Jalise Middleton
                                                Bynum & Jenkins Law
                                                1010 Cameron Street
                                                Alexandria, Virginia 22314
                                                RJenkins@BynumAndJenkinsLaw.com
                                                (703) 309-0899