UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | )( | |
| | )( | Criminal No. 21-367 (RDM) |
| v. | )( | Judge Moss |
| | )( | Pretrial Conf.: Jan. 29, 2023 |
| MARK MIDDLETON and | )( | |
| JALISE MIDDLETON | )( | |

**MOTION IN LIMINE TO EXCLUDE
EVIDENCE CONCERNING CONDUCT BY OTHERS
THAT DEFENDANTS WERE UNAWARE OF
AND REFERENCES TO SUCH CONDUCT**

COMES NOW the defendants, Mark and Jalise Middleton, by and through undersigned counsel, and respectfully move this Honorable Court, in limine, to exclude at their trial evidence concerning conduct by others that they cannot be shown to have been aware of at the time that they are alleged to have committed the crimes they are charged with.  Additionally, they move the Court to exclude references to such conduct by others at their trial.  In support of this motion, Mr. and Ms. Middleton would show:

1.      In connection with the events that occurred outside the United States Capitol on January 6, 2021, Mark and Jalise Middleton have been charged in a nine-count indictment in this case (Indictment) (ECF #41).  In Count Four of the Indictment, Mr. and Ms. Middleton are charged with Obstruction of an Official Proceeding and Aiding and Abetting (18 U.S.C. §§ 1512(c)(2) and 2).  Indictment at 3.  This is the only count of the Indictment in which Mr. and Ms. Middleton are charged as principals directly under the substantive statute at issue and alternatively as aiders and abettors under 18 U.S.C. § 2.  Id. at 1-4.  In all other counts of the Indictment, Mr. and Ms. Middleton are only charged as principals directly under the substantive statute at issue and not as aiders and abettors under 18 U.S.C. § 2.  Id.

1

2. Under Fed. R. Evid. 402, "[i]rrelevant evidence is not admissible," and under Fed. R. Evid. 401(b), evidence is only relevant if it helps to establish a "fact [that] is of consequence in determining the action." Moreover, under Fed. R. Evid. 403, even relevant evidence can be excluded if "its probative value is substantially outweighed by the danger of… unfair prejudice, confusion of the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence."

3. In Rosemond v. United States, 572 U.S. 65 (2014), the Supreme Court made clear that a person cannot be held liable under an aiding-and-abetting theory pursuant to 18 U.S.C. § 2 for conduct that someone else engaged in unless it can be shown that the person had actual knowledge of that conduct at the time that he engaged in the conduct that is said to have aided and abetted it. Id. at 79-81 (where evidence did not show that drug-trafficking defendant was aware his accomplice was armed at time defendant associated himself with drug-trafficking venture, he could not be held liable on an aiding-and-abetting theory for drug-trafficking while armed under 18 U.S.C. §§ 924(c) through the operation of 18 U.S.C. § 2).

4. In all nine counts of the Indictment, Mr. and Ms. Middleton are charged with crimes they are alleged to have committed as principals. To the extent the Indictment does charge them as principals with these crimes, it is hard to see how evidence concerning conduct that others engaged at the Capitol on January 6 could constitute relevant evidence in regards to the crimes—especially conduct by others that Mr. and Ms. Middleton cannot even be shown to have been aware of at the time were allegedly committing the crimes. In Count Four of the Indictment, Mr. and Ms. Middleton are charged with a crime they are alleged to have committed not only as principals but also as aiders and abettors. To the extent that Count Four charges Mr. and Ms. Middleton with a crime as aiders and abettors, evidence concerning conduct that others engaged in at the Capitol on January 6 could not constitute relevant evidence in regards to the charged crime unless it could be shown that Mr. and Ms. Middleton were aware of this conduct by others at the time that they were engaging in the conduct that is said to have aided and abetted it. Given all this, it must be acknowledged that evidence of conduct that others engaged in at the

Capitol on January 6 that Mr. and Ms. Middleton cannot be shown to have been aware of at the time that they were allegedly committing the crimes they are charged with would not, under Fed. R. Evid 401(b), be relevant evidence in regards to any of these crimes.  Evidence of such conduct by others must therefore be excluded under Fed. R. Evid. 402.

5. To the extent the government would argue that, because Mr. and Ms. Middleton associated themselves with the large crowd of people at the Capitol on January 6, they can be held accountable as aiders and abettors for the overall impact that that crowd had, it is important to note that a person can only be held accountable as an aider and abettor if it can be shown that the crime he is said to have aided and abetted was actually committed by someone.  See, e.g., United States v. Salamanca, 990 F.2d 629, 638 (D.C. Cir. 1993) (internal citations omitted); United States v. Raper, 676 F.2d 841, 849 (D.C. Cir. 1982) (internal citations omitted).  A large crowd of people cannot commit a crime as a collective entity because, if for no other reason, such a crowd does not have the agency needed to form criminal intent.  Accordingly, it is not possible for someone to aid and abet a large crowd of people in committing a crime as a collective entity—especially a specific-intent crime like Obstruction of an Official Proceeding under 18 U.S.C. § 1512(c)(2), which is the only crime that Mr. and Ms. Middleton are charged with committing as aiders and abettors in this case.

6. Even if evidence regarding conduct that others engaged in at the Capitol on January 6 that Mr. and Ms. Middleton cannot be shown to have been aware of at the time they are alleged to have committed the crimes they are charged with is somehow determined to be relevant in regards to these charged crimes, such evidence should still be excluded under Fed. R. Rule 403 because its probative value would be substantially outweighed "by the danger of… unfair prejudice, confusion of the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence."

WHEREFORE, the defendants, Mark and Jalise Middleton, move this Honorable Court, in limine, to exclude at their trial evidence concerning conduct by others that that they cannot be shown to have been aware of at the time that they are alleged to have committed the crimes they are charged with. Additionally, they move the Court to exclude references to such conduct by others at their trial.

Respectfully submitted,

\_\_\_\_\_/s/_____
Jerry Ray Smith, Jr.
D.C. Bar No. 448699
Counsel for Mark Middleton
717 D Street, N.W.
Suite 310
Washington, DC 20004
jerryraysmith@verizon.net
(202) 347-6101


_____/s/_____
Robert Jenkins
U.S. District Court Bar No. CO0003
Counsel for Jalise Middleton
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
RJenkins@BynumAndJenkinsLaw.com
(703) 309-0899