UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

    v.                                            Case No.: 1:21-cr-367 (RDM)

JALISE MIDDLETON
MARK MIDDLETON,
    Defendants.

**MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANTS'
AFFILIATION WITH THE AMERICAN PATRIOT RELIEF FUND**

COMES NOW, the Defendants, JALISE MIDDLETON and MARK MIDDLETON, by and through counsel and files this request that this Honorable Court enter an order preventing the prosecution from introducing any evidence in its case in chief concerning the defendant's affiliation with the American Patriot Relief Fund. In support of which counsel the states the following:

    **I.    Legal Predicate**

        **A.  Relevance**

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Even if relevant, Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *United States v. Iskander*, 407 F.3d 232, 238 (4th Cir. 2005); *United States v. Bell*, 1999 WL 25552 at \*6 (4th Cir. 1999); *United States v. Lancaster*, 96 F.3d 734, 744 (4th Cir. 1996).

Assuming *arguendo* that this Court determines that such evidence has relevance to an issue to be decided by the jury, it is further submitted that any probative value of this evidence is outweighed by its prejudicial effect on the defendants. If this evidence of other acts is relevant for a proper purpose under Rule 404(b), the district court must balance the probative value of the evidence against any danger to the defendants of unfair prejudice. *United States v. Johnson*, 893 F.2d at 453; *United States v. Fields,* 871 F.2d at 196; Fed.R.Evid. 403.

### B.  FRE 404(B)

The FRE provide for certain exceptions to the general rule that character evidence is not admissible to prove conduct at trial. FRE 404(b) provides that:

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action and conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused the prosecution in a criminal case should provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Allowing evidence of specific acts of misconduct of extraneous offenses to be introduced before the jury without first determining their admissibility would prejudice the jury and deprive the defendants of a fair trial. U.S. Const. amend. V, VI, and XIV, sec. 2.

FRE 404(b) prohibits "evidence of other crimes, wrongs, or acts to prove the character of a person in order to show action in conformity therewith." It permits such evidence for purposes unrelated to the defendants' character or propensity to commit crime, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FRE 404(b).

Compliance with FRE 404(b) does not itself assure admission of the other crimes evidence. If the defendant moves under Rule 403, the court may exclude the evidence on the basis that it is "unfairly prejudicial, cumulative or the like, its relevance notwithstanding." *See Old Chief v. United States,* 519 U.S. 172, 179, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). The Supreme Court made much the same point in *Huddleston v. United States,* 485 U.S. 681, 688, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988): if evidence is offered for a proper purpose under Rule 404(b), "the evidence is subject only to general strictures limiting admissibility such as Rules 402 and 403.". FRE 404(b) is "the opportunity to seek . . . admission," rather than admission itself. *Crowder*, 141 F.3d at 1206. Although evidence of a prior bad act is relevant to a non-propensity purpose, it is nonetheless inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice." FRE 403.

**II. Argument**

    **A. Evidence of Defendants' Affiliation with the American Patriot Relief Fund is Not Relevant and Highly Prejudicial.**

In the instant case, the government has disclosed information evidencing the defendants' affiliation with the American Patriot Relief Fund. The American Patriot Relief Fund is a non-profit organization working to assist individuals charged with offenses related to January 6. The organization provides financial assistance to January 6 defendants and their families. It also advocates political positions conservative in nature. Both defendants are affiliated with the American Patriot Relief Fund. The government has disclosed 16 audio/video recordings of media appearances of the defendants discussing their involvement with the American Patriot Relief Fund.

The defendants are not charged with any conspiracy offenses. The indictment filed in this matter charged several discrete substantive offenses. None of which require the government to establish the defendants' affiliation with any group. Upon information and belief, the government does not intend to establish at trial that the defendants coordinated their efforts on January 6, 2021, with anyone other than each other. There is simply no relevance to any affiliation or connection the defendants have to the American Patriot Relief Fund.

The only purpose for offering any evidence concerning the defendants' affiliation with the American Patriot Relief Fund is to distract the jury. Such evidence would be highly prejudicial. Any evidentiary value to such evidence is clearly outweighed by prejudice under FRE 403.

### B. Evidence of Defendants' Affiliation with the American Patriot Relief Fund Is Impermissible Bad Character Evidence.

Considering the limited nature of the charges against the defendants there can be no legitimate purpose for introducing any evidence concerning their affiliation with the American Patriot Relief Fund other than to establish bad character on their part. It would interject politics into a judicial matter that should be void of any such considerations. The great danger of such evidence is a threat to the jury's ability to adjudicate the matter purely on the facts. Absent any relevant purpose this evidence should not be allowed.

### III. Conclusion

Based on the foregoing arguments and authorities, this Court is respectfully urged to preclude any attempts by the government to admit any evidence of defendants' affiliation with the American Patriot Relief Fund.

I ASK FOR THIS

JALISE MIDDLETON
MARK MIDDLETON
By Counsel

_____/s/_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
U.S. District Court Bar No.:  CO0003
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant JALISE MIDDLETON

_____/s/_____
Jerry Ray Smith, Esq.
717 D Street, NW
Washington DC 20004-2812
Counsel for Defendant MARK MIDDLETON

### Certificate of Service

I hereby certify that I caused a true and accurate copy of the foregoing to be served on all counsel of record via ECF on this December 1, 2023.

_____/s/_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
U.S. District Court Bar No.:  CO0003
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant JALISE MIDDLETON