**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CASE NO. 1:21-CR-367 (RDM)** |
| | : | |
| **JALISE MIDDLETON and** | : | |
| **MARK MIDDLETON,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANTS' MOTION TO SEVER DEFENDANTS' TRIALS**

More than two years after being jointly indicted, and barely two months before trial, the defendants seek to have their cases severed.  The reason: "recordings" and "out-of-court statements" that the defendants say exist, but never identify, that might incriminate one another.  According to the defendants, if either or both of them refuse to testify, these statements "raise[] Sixth Amendment confrontation issues that require severance of the defendants for trial."  ECF No. 100 at 2 (citing *Bruton v. United States*, 391 U.S. 123 (1968)).

But the defendants have not named any specific statements that concern them, and the general category of statements they cite are not the kind that *Bruton* covers.  Even if these statements were to raise a *Bruton* issue, the solution would be to redact some statements as necessary, not to require a duplicative trial.  For the reasons below, the defendants' motion should be denied.

## I.      Legal Standard

"There is a preference in the federal system for joint trials."  *United States v. Bikundi*, 926 F.3d 761, 780 (D.C. Cir. 2019).  Joinder and severance are governed by Rules 8 and 14 of the Federal Rules of Criminal Procedure, respectively.  Rule 8(b) directs that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same

1

act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." This Circuit construes Rule 8(b) broadly in favor of joinder. *See United States v. Nicely*, 922 F.2d 850, 853 (D.C. Cir. 1991). *United States v. Jackson*, 562 F.2d 789, 796-97 (D.C. Cir. 1977) (Rule 8 is "interpreted broadly in favor of initial joinder"). Thus, it is "difficult to prevail on a claim that there has been a misjoinder under Rule 8(b)." *Nicely*, 922 F.2d at 853.

Once multiple defendants are properly joined in the same indictment under Rule 8(b), "[d]istrict courts should grant severance" under Rule 14 "sparingly because of the 'strong interests favoring joint trials, particularly the desire to conserve the time of courts, prosecutors, witnesses, and jurors.'" *United States v. Celis*, 608 F.3d 818, 844 (D.C. Cir. 2010) (quoting *United States v. Mardian*, 546 F.2d 973, 979 (D.C. Cir. 1976) (*en banc*)). Rule 14 "does not require severance even if prejudice is shown," and district courts "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). District courts retain "significant flexibility to determine how to remedy a potential risk of prejudice, including ordering lesser forms of relief such as limiting jury instructions." *Bikundi*, 926 F.3d at 780 (citing *United States v. Moore*, 651 F.3d 30, 95 (D.C. Cir. 2011)); *see United States v. Butler*, 822 F.2d 1191, 1194 (D.C. Cir. 1987) (acknowledging trial judges are given great latitude to balance interests, including to preserve judicial and prosecutorial resources, and denying defendant's motion to sever).

The primary case the defense cites—*Bruton v. United States*—"stands for the rule that, in a joint trial, the Confrontation Clause of the Sixth Amendment prohibits the admission of a defendant's confession against him if the confession inculpates a codefendant, unless the

codefendant is given the opportunity to cross-examine the confesser." *United States v. Allgood*, 21-CR-416 (RDM), 2022 WL 715222, at *5 (D.D.C. Mar. 10, 2022) (citing *Bruton* 391 U.S. at 123).  But as explained below, *Bruton* does not apply here, and if it did, the remedy would not be to sever the defendants' cases.

## II.    Argument

Two years after being indicted, and months before trial, the defendants seek to have their cases severed for fear that one or both of them made incriminating statements about the other. The defendants never say which statements concern them, but suggest that they were "purportedly made by Mr. and Ms. Middleton on social media and in recorded interviews on and after January 6, 2021."  ECF No. 100 at 1.

The Middletons were in fact quite active on Facebook on and after their attack on Capitol police.  For instance, Mark Middleton wrote that "I was there on the steps in this pic.  Capital [sic] police insights [sic] this," and "If we intended to start a riot, there wouldn't be a building left, just saying."  ECF No. 1 at 12.  Jalise Middleton, meanwhile, wrote that "We fought the cops to get in the Capital [sic] and got pepper sprayed and beat but by gosh the patriots got in!" ECF No. 1 at 13.  Both posted photos of the attack on the grounds.

Since January 6, 2021, the defendants have also frequently appeared on online talk shows to discuss and defend their actions at the Capitol.  *See, e.g.*, ThirdCulturePatriot, *10/3/23 Political Persecuted #J6 couple Jalise and Mark Middleton weigh in on their upcoming case & an Inside scoop of other prisoners!*, Rumble (Oct. 3, 2023), https://rumble.com/v3msj5s-10323-political-persecuted-j6-couple-jalise-and-mark-middleton.html; CannCon, *J6er Jalise Middleton and Her Husband Face FORTY YEARS...and NEVER entered the Capitol!*, Rumble (May 18, 2023),              https://rumble.com/v2oim0m-j6er-jalise-middleton-and-her-husband-face-forty-

years...and-never-entered-.html; Raven's Radar, *Episode 23: J6- When the FBI Attacks Law Abiding Citizens | Jalise Middleton*, RUMBLE (Mar. 23, 2023), https://rumble.com/v2ehz8s-episode-23-j6-when-the-fbi-attacks-law-abiding-citizens-jalise-middleton.html.  In at least six of these interviews, the defendants appeared jointly, often sitting side-by-side in a room together speaking into a single camera about January 6 and their criminal case.  *See, e.g.*, ThirdCulturePatriot, *10/3/23 Political Persecuted #J6 couple Jalise and Mark Middleton weigh in on their upcoming case & an Inside scoop of other prisoners!*, RUMBLE (Oct. 3, 2023), https://rumble.com/v3msj5s-10323-political-persecuted-j6-couple-jalise-and-mark-middleton.html

The problem for defendants' motion to sever based on *Bruton* is that none of these interviews are testimonial.  Testimonial hearsay is "ex parte in-court testimony or its functional equivalent . . . such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially."  *Allgood*, 21-CR-416, 2022 WL 715222, at *5 (quoting *Crawford v. Washington*, 541 U.S. 36, 51 (2004).  "Every circuit court that has considered the issue has ruled that *Bruton* only applies to testimonial hearsay."  *Id.* (quoting 30 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 6683 (2d ed. 2021)).  And "[a]lthough the D.C. Circuit has yet squarely to decide this question, it has at least suggested that *Bruton* applies only to testimonial hearsay."  *Id.* (citing *United States v. Wilson*, 605 F.3d 985, 1017 (D.C. Cir. 2010)).  Where a statement was made in or around the commission of an offense, "*Bruton* does not apply."  *Id.*  Neither the defendants' statements on Facebook, nor their subsequent media interviews were "testimony or its functional equivalent."  Hence *Bruton* is irrelevant here.

Even if *Bruton* applied here, statements that are not "facially incriminating" do not compromise a defendant's Sixth Amendment rights. *Wilson*, 605 F.3d at 1017. The defendants have not identified any facially incriminating statements warranting severance. In fact, they haven't identified any specific statements at all. But even if such statements existed, steps short of severance can protect the defendants' rights. "*Bruton* is satisfied when the co-defendant's statement is 'redacted to eliminate not only the defendant's name, but any reference to his or her existence.'" *United States v. Ford*, 155 F. Supp. 3d 60, 68 (D.D.C. 2016) (quoting *Richardson v. Marsh*, 481 U.S. 200, 211, 107 (1987)). If the defendants identify any facially incriminating statements made by one against another, the proper remedy, if necessary, would be to redact the implicated defendant's name or existence, rather than to have a separate, duplicative, and burdensome trial.

## III.    Conclusion

The defendants have not identified any specific statements that are facially incriminating. The general bodies of potential statement the defendants gesture towards—Facebook posts and interviews—are not testimonial, and so *Bruton* does not apply.  And even if it did, the remedy would be simply to redact certain documents as necessary (once the defendants identify them). Given the "preference in the federal system for joint trials," *Bikundi*, 926 F.3d at 780, the defendants' motion should be denied.


Respectfully submitted,

DATED: December 1, 2023                    MATTHEW M. GRAVES
                                                             United States Attorney
                                                             D.C. Bar No. 481052


                              By:        /s/ Brendan Ballou
                                             Brendan Ballou
                                             DC Bar No. 241592
                                             Special Counsel
                                             United States Attorney's Office
                                             601 D Street NW
                                             Washington, DC 20001
                                             (202) 431-8493
                                             brendan.ballou-kelley@usdoj.gov

                                             Sean P. McCauley
                                             NY Bar No. 5600523
                                             Assistant United States Attorney
                                             601 D Street NW
                                             Washington, DC 20579
                                             (202)252-1897
                                             Sean.McCauley@usdoj.gov