UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )( | |
| )( | Criminal No. 21-367 (RDM) |
| v.      )( | Judge Moss |
| )( | Pretrial Conference: January 29, 2024 |
| MARK MIDDLETON and  )( | |
| JALISE MIDDLETON       )( | |

REPLY TO GOVERNMENT'S OPPOSITION
TO DEFENDANTS' MOTION TO SUPPRESS EVIDENCE

COMES NOW the defendants, Mark and Jalise Middleton, by and through undersigned counsel, and respectfully reply to the Government's Opposition to Defendants' Motion to Suppress Evidence. Towards this end, Mr. and Ms. Middleton would show:

1. Mark and Jalise Middleton have filed a Motion to Suppress Contents of Cell Phones and Any Derivative Evidence and Information and Points and Authority in Support Thereof (Motion to Suppress) (ECF #99). In this motion, Mr. and Ms. Middleton argue that phones that were recovered from their persons by government agents were seized and searched in violation of the Fourth Amendment. Motion to Suppress at 4 -6. This is because the affidavit that was submitted for the warrants to seize and search those phones (Affidavit (ECF #106)) did not actually provide probable cause for seizing and searching them. Id. Additionally, Mr. and Ms. Middleton argue that, given the particular deficiencies of that affidavit, the government cannot use the Leon good-faith exception to avoid application of the exclusionary rule to evidence developed from the seizure and search of the phones. Id. at 6-8.

1

2. The government has filed a Government's Opposition to Defendants' Motion to Suppress Evidence (Government's Opposition) (ECF #107). In its opposition, the government argues that the phones recovered from Mr. and Ms. Middleton were legally seized and searched. Government Opposition at 2-5. Moreover, it argues that, even if the phones were not legally seized and searched, the Leon good-faith exception would still rescue it from having the exclusionary applied to evidence developed from the seizure and search of the phones. Id. at 5-6.

**Probable Cause**

3. In its opposition, the government argues that the agents who seized and searched the phones at issue in the Middletons' Motion to Suppress had the authority to do so because the phones were specifically identified in the Affidavit as phones that were to be seized and searched and because the phones were actually found on the persons of Mr. and Ms. Middleton when they were recovered. Government Opposition at 3. In making this argument, the government asserts that the "scope of the search warrant… authorized the government to seize any '[d]igital devices used in the commission of, or to facilitate,' the Middletons' crimes." Id. (quoting Affidavit at 63).

4. In this case, there were actually three warrants that the Affidavit was submitted to provide probable cause for. These warrants are attached to this reply. Attachment, Warrants. The first warrant was for a "subject premises" located at two specific addresses (premises warrant). The warrant indicated that the subject premises were described in Attachment A to the Affidavit. Attachment, Warrants at 1. Attachment A to the Affidavit states, "The PREMISES consists of two trailer homes

2

located adjacent to one another on a rural lot, and a storage shed between the two trailer homes." Affidavit at 58 (Attachment A). It is important to note that, in Attachment A, the premises are defined to only include the two trailer homes and the storage shed. The premises are not defined to include any property or yard upon which the trailers and the shed are located. See id. The other two warrants for which the Affidavit was submitted were for specific phones. One of these warrants was for "AT&T wireless cellular phone assigned to phone number [(xxx) xxx]-3269," Attachment, Warrants at 2, and the other warrant was for "AT&T wireless cellular phone assigned to phone number [(xxx) xxx]-9352," Attachment, Warrants at 3. While it is not clear which of the above three warrants the government is referencing when it says, in its opposition, that the "scope of the search warrant… authorized the government to seize any '[d]igital devices used in the commission of, or to facilitate,' the Middletons' crimes," none of the three warrants just mentioned actually provide such a sweeping authorization to seize digital devices.

     5.     Even if it is admitted for the sake of argument that the above-referenced premises warrant would have authorized government agents to seize and search "any '[d]igital devices used in the commission of, or to facilitate,' the Middletons' crimes" that were recovered from the two trailer homes and the shed identified in Attachment A to the Affidavit, the premises warrant still cannot be said to have authorized the agents to seize and search any such digital devices that were not recovered from those locations. Additionally, the warrants for the AT&T cellular phone with a number ending in 3269 and for the AT&T cellular phone with a number ending in 9352 were specific to those

devices.  It cannot be credibly claimed that they could have authorized government agents to seize and search any other devices.

      6.      Upon information and belief, an AT&T phone with a number ending in 3269 was recovered from Mr. Middleton's person when he was detained by government agents while driving on a public road after he had left the property on which the two trailer homes and the storage shed described in Attachment A to the Affidavit are located. See Motion to Suppress at 1-2  Because Mr. Middleton was not in the premises that the premises warrant applied to the when the phone was recovered from him, the premises warrant would have been inapplicable to the seizure and search of the phone.  Thus, the only warrant that could have been applicable to seizure and search of the phone recovered from Mr. Middleton was the warrant specifically for the AT&T cellular phone with a number ending in 3269.

      7.      Upon information and belief, an AT&T cellular phone with a number ending in 9352 was recovered from Ms. Middleton when she was detained by government agents while standing in the yard outside of the two trailer homes and the storage shed described in Attachment A to the Affidavit.  See Motion to Suppress at 1-2. Because she was not in the premises that the premises warrant applied to when the phone was recovered from her, the premises warrant would have also been inapplicable to the seizure and search of this phone.  Thus, the only warrant that could have been applicable to the seizure and search of the phone that was recovered from Ms. Middleton was the warrant specifically for the AT&T cellular phone with a number ending in 9352.

       8.      As stated in Mr. and Ms. Middleton's Motion to Suppress, the Affidavit provided no information whatsoever that would have allowed the magistrate judge who signed the warrants for the AT&T cellular phone with a number ending in 3269 and for the AT&T cellular phone with a number ending in 9352 to conclude that those phones were used in connection with any criminal activity that the Middletons might have engaged in or that those phones might contain any evidence of such activity. Indeed, the Affidavit provided no information that would have even allowed the magistrate judge to conclude that the phones ever had any connection to Mr. and Ms. Middleton at all. Motion to Suppress at 3. While the government agents who sought the warrants obviously thought the phones identified in the warrants would contain evidence of Mr. and Ms. Middleton's alleged criminal activity (or else they would not have even bothered to have sought the warrants to begin with), the reasons they had for thinking so were completely left out of the Affidavit. See Affidavit at 5-34. Thus, as far as the magistrate judge who signed the warrants for the phones could have known from reading the Affidavit, the warrants were just for some random phones completely unrelated to anything in the Affidavit. For this reason, even if the phones were identified in the Affidavit as phones to be searched and seized, the Affidavit still utterly failed to provide any basis whatsoever for seizing and searching them. Accordingly, the warrants for the phones were not based upon a proper finding of probable cause.

       9.      Because the premises warrant could not have been applicable to the phones recovered from Mr. and Ms. Middleton and because the warrants that were

applicable to those phones were not based upon a proper finding of probable cause, the seizure and search of the phones was illegal under the Fourth Amendment.

### **No Good-Faith Reliance**

10.      Given that the phones recovered from Mr. and Ms. Middleton were not recovered from the premises described in Attachment A to the Affidavit, the recovery of the phones was outside the scope of the warrant for those premises. Accordingly, to the extent the government would argue that the agents were entitled to rely on that premises warrant to seize and search the phones per the Leon good-faith exception, there is not even a basis for making such an argument. Moreover, given that the Affidavit provided no reason whatsoever for finding that AT&T cellular phone with a number ending 3269 and AT&T cellular phone with a number ending in 9352 were used in connection with any criminal activity that the Middletons might have engaged in or that the phones might contain any evidence of such activity, it cannot be credibly claimed that the agents could have had a good-faith belief that the warrants for the seizure and search of those phones were actually based on a legitimate finding of probable cause by the magistrate judge who signed them. See Motion to Suppress at 6-8.

## **CONCLUSION**

WHEREFORE, the defendants, Mark and Jalise Middleton, reply to the Government's Opposition to Defendants' Motion to Suppress Evidence.

>Respectfully submitted,
>
>_____/s/_____
>Jerry Ray Smith, Jr.
>D.C. Bar No. 448699
>Counsel for Mark Middleton
>717 D Street, N.W.
>Suite 310
>Washington, DC 20004
>jerryraysmith@verizon.net
>(202) 347-6101
>
>_____/s/_____
>Robert Jenkins
>U.S. District Court Bar No. CO0003
>Counsel for Jalise Middleton
>Bynum & Jenkins Law
>1010 Cameron Street
>Alexandria, Virginia 22314
>RJenkins@BynumAndJenkinsLaw.com
>(703) 309-0899