UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )( | |
| )( | Criminal No. 21-367 (RDM) |
| v.            )( | Judge Moss |
| )( | Pretrial Conference: January 29, 2024 |
| MARK MIDDLETON and )( | |
| JALISE MIDDLETON    )( | |

REPLY TO GOVERNMENT'S OPPOSITION
TO DEFENDANTS' MOTION TO SEVER DEFENDANTS' TRIALS

COMES NOW the defendants, Mark and Jalise Middleton, by and through undersigned counsel, and respectfully reply to the Government's Opposition to Defendants' Motion to Sever Defendants' Trials.  Towards this end, Mr. and Ms. Middleton would show:

1.     Mark and Jalise Middleton are joined as codefendants in this case.  Mr. and Ms. Middleton have filed a Motion to Sever Defendants due to Bruton Issues and Information and Points and Authority in Support Thereof (Motion to Sever) (ECF #100). In this motion, Mr. and Ms. Middleton point out that the government has turned over to them in discovery numerous recorded statements made by Mr. Middleton that arguably incriminate not only him but also Ms. Middleton and numerous recorded statements by Ms. Middleton that arguably incriminate not only her but also Mr. Middleton.  Motion to Sever at 1.  The statements at issue were allegedly made by Mr. and Ms. Middleton on social media and in recorded interviews and presentations after they allegedly committed the crimes they are going to be tried for.  Id.  Given the fact that, at trial, the government is likely going to use some of the above-referenced statements by Mr. Middleton against

1

him and some of the above-referenced statements by Ms. Middleton against her and given the fact that it is unknown whether or not either Mr. or Ms. Middleton will testify at trial, Mr. and Ms. Middleton, in their severance motion, move the Court to sever them as defendants for trial under Fed. R. Crim. P. 14. Id. at 2. In doing so, they cite Bruton v United States, 391 U.S. 123 (1968) as authority supporting such severance. Id.

    2.    In opposition to Mr. and Ms. Middleton's severance motion, the government has now filed a Government's Opposition to Defendants' Motion to Sever Defendants' Trials (Government Opposition) (ECF #104). In this opposition, the government argues that the statements upon which Mr. and Ms. Middleton base their severance motion are not testimonial per Crawford v. United States, 541 U.S. 36, 51 (2004). Government Opposition at 4. Accordingly, the government argues that Bruton does not require severance of Mr. and Ms. Middleton for trial because, even if mutually incriminating statements made by one of them are introduced against him or her at trial and he or she does not testify, it still would not violate the other's confrontation rights. Id. at 4-5.

    3.    Even if it is admitted for the sake of argument that the mutually incriminating statements upon which Mr. and Ms. Middleton's severance motion is premised are not testimonial per Crawford, it is submitted that Bruton still requires that that Mr. and Ms. Middleton be severed for trial because of the statements.[1] The

---

[1] In support of its position that Bruton does not require severance here because the statements at issue are not testimonial, the government quotes this Court, "Although the D.C. Circuit has yet to squarely decide this question, it has at least suggested that Bruton applies only to testimonial hearsay." Id. at 4 (quoting United States v. Allgood, 21-cr-416 (RDM), 2022 WL 715222, at *5 (D.D.C. Mar. 10, 2022). Thus, even the government and this Court acknowledge the fact that it is not settled in this jurisdiction whether Bruton can apply where non-testimonial statements are at issue.

statements at issue in Mr. and Ms. Middleton's severance motion would presumably only be admissible at their trial against just one or the other of them as non-hearsay under Fed. R. Evid. 801(d)((2) (opposing party's statement) or perhaps as hearsay under Fed. R. Evid. 804(b)(3) (statement against interest).[2]  The statement therefore would have no basis at all for being used against the one who did not make them.  To the extent the statements would incriminate the one who did not make them, there would not even be an applicable hearsay exception upon which to base a finding that the statements have at least some reliability.  Accordingly, cross-examination of the one who made the statements by the one who did not make them would be the only way to insure that the statements have any reliability in connection with the latter.  Given this, even if the statements at issue in Mr. and Ms. Middleton's severance motion are not deemed to be technically testimonial in the sense that <u>Crawford</u> means, their introduction into evidence at trial will still create the same prejudice that <u>Bruton</u> identified as providing a basis for severance.

      4.      In its opposition, the government calls the Court's attention to the fact that, in their severance motion, Mr. and Ms. Middleton have not identified any specific statements that warrant severance.  Government Opposition at 5.  On this point, it must be noted that the number of statements at issue is quite large, and it is only expected that the government will try to use some of the statements.  The government has not identified which statements it will actually try to use at trial.  When considering a motion for

---

[2] Whether the statements would even qualify as admissible hearsay under Rule 804(b)(2) is highly debatable.  It is not clear that, at the time the statements were made, the declarant appreciated that they would expose him or her to criminal liability.

severance, "the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Fed. R. Crim. P. 14(b).  The purpose of Rule 14(b) is to give a court a procedure for making sure it is properly informed when it is addressing a motion for severance based on a codefendant's statements.  Id., Advisory Committee Notes, 1966 Amendment.  Given this, so that the Court can properly decide Mr. and Ms. Middleton's severance motion (or determine what remedial measures to take should it deny the motion), Mr. and Ms. Middleton submit that the Court should require the government to now disclose, at least in camera, the specific out-of-court statements that it intends to introduce against Mr. and Ms. Middleton at trial.

WHEREFORE, the defendants, Mark and Jalise Middleton, reply to the Government's Opposition to Defendants' Motion to Sever Defendants' Trials.

Respectfully submitted,
\_\_\_\_\_/s/_____
Jerry Ray Smith, Jr.
D.C. Bar No. 448699
Counsel for Mark Middleton
717 D Street, N.W., Suite 310
Washington, DC 20004
jerryraysmith@verizon.net
(202) 347-6101

_____/s/_____
Robert Jenkins
U.S. District Court Bar No. CO0003
Counsel for Jalise Middleton
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
RJenkins@BynumAndJenkinsLaw.com
(703) 309-0899

4