UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CASE NO. 1:21-CR-367 (RDM) |
| | : |
| JALISE MIDDLETON and | : |
| MARK MIDDLETON, | : |
| | : |
| Defendants. | : |

### GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE CONDUCT OF OTHERS

**I.   Introduction**

The defendants moved to exclude "trial evidence concerning conduct by others that they cannot be shown to have been aware of," and "references to such conduct."  ECF No. 101 at 1. The government opposes this motion.  Several of the crimes the defendants have been charged with require showing the actions of others whom the Middletons might not have known about. This is not to smear the Middletons with the crimes of others—rather, they are necessary elements to proving the crimes they've been charged with.

**II.   Argument**

The defendants joined with thousands of others in attacking the Capitol on January 6, 2021. For two reasons, the government must introduce evidence about other rioters to prove its case.

*First*, the defendants have been charged with civil disorder, in violation of 18 U.S.C. § 231(a)(3). "[T]he term 'civil disorder' is defined in the statute to be 'any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.'" *United States v. Williams*, No. 21-CR-0618 (ABJ), 2022 WL 2237301, at *5 (D.D.C. June 22, 2022)

1

(quoting 18 U.S.C. § 232(1)). By the terms of the statute, the government must—and will—show that the attack on the Capitol was a disturbance involving three or more people (thousands, in fact). Necessarily, the government will have to introduce evidence about people the Middletons may or may not have known, how their collective actions contributed to the public disturbance at the Capitol, and how that disturbance impacted commerce or the federal protective functions of either the Secret Service or the United States Capitol Police.

*Second*, the defendants have been charged with obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2), and for aiding others who did the same. By trespassing onto the Capitol grounds and fighting with officers, the Middletons helped to disrupt the official proceedings happening that day, namely, the certification of Electoral College vote for the 2020 presidential election. But by contributing to the general chaos, they also helped others who aimed to do the same. To prove the elements of the charged offenses, the government will introduce evidence about the other rioters who disrupted the election's certification, and whom the defendants directly and indirectly helped.

The defendants cite *Rosemond v. United States* for the proposition that a person cannot be held liable under an aiding-and abetting theory unless the person had "actual knowledge" of the conduct he or she aided. ECF No. 101 at 2 (citing 572 U.S. 65 (2014)). The defendants misstate the holding of *Rosemond* somewhat. The case requires that a defendant violates the aiding-and-abetting statute if he "(1) takes an affirmative act in furtherance of that [underlying] offense, (2) with the intent of facilitating the offense's commission." 572 U.S. 65, 71 (2014). Such an affirmative act need not facilitate every element of the underlying crime—it's enough to facilitate just one. *Id.* at 78. Nor must the defendant know that the underlying crime will be committed;

rather he need only possess the "knowledge that enables him to make the relevant legal (and indeed, moral) choice." *Id.*

The defendants don't quite put the pieces of their argument together, but the gist seems to be that because they didn't know all the other rioters that day, they couldn't have aided them. But *Rosemond* doesn't require such an impossible standard: it only requires that a defendant have the requisite knowledge of the circumstances to make an informed legal decision. The defendants had that knowledge, when they chose to storm the Capitol grounds, attack officers, and interrupt the election's certification.

Finally, the defendants argue that, even if relevant, evidence of others' actions would be so prejudicial that it should not be admitted. ECF No. 101 at 3 (citing Fed. R. Evid. 403). But, as described above, to prove that the defendants violated 18 U.S.C. §§ 2 and 231, by necessity, the government will need to discuss the actions of others. Such evidence is not prejudicial—it is proof of a crime.

### III. Conclusion

For the reasons above, the defendants' motion to exclude evidence of others' conduct should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ Brendan Ballou
Brendan Ballou
DC Bar No. 241592
Special Counsel
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493
brendan.ballou-kelley@usdoj.gov

Sean P. McCauley
NY Bar No. 5600523
Assistant United States Attorney
601 D Street NW
Washington, DC 20579
(202)252-1897
Sean.McCauley@usdoj.gov
