UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 1:21-cr-00367 (RDM) |
| v. | : | |
| | : | |
| MARK MIDDLETON & | : | |
| JALISE MIDDLETON, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION
TO EXCLUDE EVIDENCE OF THE "AMERICAN PATRIOT RELIEF FUND"**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully responds to the defendants' motion to exclude any testimony or evidence about the defendants' involvement with the "American Patriot Relief Fund." ECF 102. The United States agrees with the defendants that any mention of the American Patriot Relief Fund (hereinafter, "APRF") should be excluded from the trial in this matter.

**I.    Any Testimony About APRF is Appropriately Excluded.**

As a threshold matter, the government believes that some further background information about APRF is appropriate. The defendants started APRF after their arrest on charges in the instant case. The defendants claim that APRF is a registered nonprofit, but the government has not been able to independently verify this claim. Broadly speaking, the fund seeks monetary contributions, through both donations and selling products, to provide "support" to those who have been charged and convicted in connection with the riot at the Capitol on January 6, 2021. *See* American Patriot Relief Fund, *available at* https://www.americanpatriotrelief.org. They also sell apparel, albums, and other promotional products, *see* "Welcome to Our Store," *available at* https://www.americanpatriotrelief.org/apr-store, and organize events, *see* "Events," *available at*

1

http://www.americanpatriotrelief.org/events, relating to the events of January 6 and those who have been charged in connection with it.

The government has no intention of soliciting any testimony from any witness or introducing any evidence about the defendants' involvement with APRF. Any mention of APRF during this trial is properly excluded until Federal Rules of Evidence 401 and 403. The defendants are charged in connection with their involvement with the riot at the United States Capitol and their efforts to obstruct the proceedings that were taking place in the Capitol that day. The defendants became involved with APRF significantly after the riot and their arrest. Therefore, the government does not believe that evidence or testimony about anything related to APRF goes to any issues that must be decided by a factfinder in this case.

The defendants, however, should also be precluded from introducing evidence or testimony about APRF for the same reason. If the defendants were to testify, should they choose to do so, about their involvement with APRF, that testimony would have no tendency to make any fact in this case more or less probable than it would be without the testimony. Fed. R. Evid. 401. Similarly, even if any hypothetical testimony from the defendants about APRF were to have any relevance to a fact at issue in this case, such testimony would risk confusing the issues, misleading the jury, causing undue delay, or wasting time. Fed R. Evid. 403. Therefore, while the government will not be introducing any evidence or soliciting any testimony about APRF, the defendants should also be precluded from doing the same.

## II. Statements From Some of the Defendants' Media Appearance Could Properly Be Used as Impeachment Material

In their motion to exclude evidence relating to APRF, the defendants note that the government has produced to them sixteen recorded media appearances. ECF 102 at 3. While some of these media appearance include discussion of APRF, many of them also include the defendants

describing their conduct on January 6. For instance, on or about August 15, 2023, the defendants appeared together on a program known as "The Bearded Patriots," *available at* https://rumble.com/v388xrs-patriot-confederation-august-15-2023.html. In this video, the defendants appeared sitting next to each other giving an interview. During the course of the interview, the defendants stated, in sum and substance:

> Jalise Middleton: What happened with us was a defense measure. They attacked. We tried to stop 'em. "Please don't hurt us." They pepper spray us and we leave. At that moment, we had not fathomed that that was going on everywhere. That police were attacking and instigating. Not just police.
>
> Mark Middleton: So, we were on the north side of the media review on the west side of the Capitol. In our little microcosm, we didn't realize that there was violence or any kind of craziness going on around us and then we watch our discovery [...] and you see the same people involved in various incidents.

In another media appearance, recorded in the spring of 2023, the defendants were interviewed by another January 6 defendant[1] for a podcast known as "Freedom Unchained." *See* Freedom Unchained, "Ep. 26 | Freedom Unchained | SWAT Team Arrest Angels | Mark & Jalise Middleton," *available at* https://rumble.com/v2keddo-ep-26-swat-team-arrests-angels-mark-and-jalise-middleton.html. The defendants appeared on that podcast together. In this recording, the defendants stated, in sum and substance:

> Jalise Middleton: Me and Mark's side is facing the barricade. We are facing each other. Mark has his back to the barricade. We have our arms over each other's shoulders. Another fellow who we don't know comes around us, puts his arm around our shoulders, and starts praying with us. [...] Anyway, we are in prayer and I feel a hard hit on my hand. I pull my hand back and I look up to the police line and I see what I now know was [an MPD officer] hitting over Capitol Police. By the time I pulled my hand back I heard Mark yell out. Right around the same time, we realize that the other one is getting beat up by police. Mark is getting wailed on. He wrapped his arms around his neck. I immediately jumped in to stop him from

---

[1] *See* United States v. Kenneth Joseph Owen Thomas, 21-cr-552 (DLF). Judge Friedrich sentenced Thomas to 58 months incarceration, three years of supervised release, and a $20,000 fine on November 16, 2023 following his trial conviction on, among other charges, four counts of Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a).

> hitting him. When I do, they grab my wrist and pull me over the barricade. Then the man who is praying with us reaches over and pulls us back. When he did, they pulled the barricades towards the crowd. At the time he gets me pulled back, one of the police officers hit us with pepper spray.
>
> Mark Middleton: Once she could see, I looked back at the Capitol and that's when I noticed that people had breached and we still had no clue that people had went in or were going to go in. On the way back to the hotel, we unfortunately make a Facebook live post talking about how "we" helped break down the Capitol. "We" didn't as in me and her, but "we" as in patriots, did.

There are dozens if not hundreds of these types of statements contained within the sixteen recordings that the government preserved and disclosed to the defense. The government has no intention of introducing any of these recordings in its case-in-chief. Similarly, the government does not intend to introduce Jalise Middleton's written statement posted to the APRF website, recounting the events of January 6, 2021:

> I never went past a barricade, never went in the capital. I went to the front because I have health problems that makes walking and standing difficult. I wanted to be up front to see the speakers. I was so excited that I was allowed to get so close to the capital. There was tear gas being set off at the capital. The crowd was peaceful and lighthearted. It didn't make sense to me that the police were setting off tear gas. I thought they were just making sure the crowd didn't try to go past the barricades. While we huddled in prayer, police came up and began striking me with a club for no reason. I instinctively tried to defend myself when they sprayed me with pepper spray. They tried to pull me over the barricades. A stranger pulled me from their grips and led me to safety.

*Untold Stories: Jalise Middleton*, American Patriot Relief (November 11, 2022), *available at* https://americanpatriotrelief.org/untold-stories/f/jalise-middleton. However, the government may use the recordings and statement for cross examination and impeachment. Should either defendant take the stand and testify, descriptions of their own conduct on January 6, 2021, and of their motives or knowledge underlying that conduct could be proper impeachment material under Fed. R. Evid. 613(b), particularly should they testify contrary to their own many prior descriptions of that day. Moreover, while many of these

4

recordings do contain some references to APRF, the defendants' descriptions of their conduct, motives, and knowledge on January 6, 2021, can easily be separated from references to APRF and the defendants' involvement with that organization. Insofar as any of these statements contain descriptions of the defendants' relevant conduct, motives, or knowledge that are not separable from a reference to APRF, the government does not intend to use it in its case-in-chief or for purposes of impeachment.

**CONCLUSION**

Based on the above, the government respectfully requests that this court preclude any mention of the American Patriot Relief Fund from this trial but permit the government to use any of the defendant's prior statements about their conduct on January 6, 2021, or their underlying motives or knowledge behind that conduct for impeachment purposes.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:   */s/ Sean P. McCauley*
        SEAN P. MCCAULEY
        Assistant United States Attorney
        NY Bar No. 5600523
        United States Attorney's Office
        601 D Street NW
        Washington, DC 20530
        Sean.McCauley@usdoj.gov

        */s/ Brendan Ballou*
        BRENDAN BALLOU
        DC Bar No. 241592
        Special Counsel
        United States Attorney's Office
        601 D Street NW
        Washington, DC 20001
        (202) 431-8493
        brendan.ballou-kelley@usdoj.gov