UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

     v.                              Case No.: 1:21-cr-367 (RDM)

JALISE MIDDLETON
MARK MIDDLETON,
     Defendants.

## MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS

COMES NOW, the defendants, JALISE MIDDLETON and MARK MIDDLETON, by and through counsel and files this request that this Honorable Court enter an order staying these proceedings.  The request is predicated on the defendants' right to due process and a fair trial as guaranteed by the Fifth Amendment to the United States Constitution.  It is further predicated on the defendants' Sixth Amendment right to the effective representation of counsel.  In support of which counsel states the following:

### I.      Introduction

Mr. and Mrs. Middleton are charged with alleged conduct occurring at the United States Capitol on January 6, 2021.  Among the charges is an alleged violation of 18 U.S.C. 1512(c)(2), obstruction of an official proceeding.  The defendants have previously filed a request to dismiss this count predicated on the unconstitutionality of the application of 18 U.S.C. 1512(c)(2) to the instant case.  A pretrial conference is set for January 29, 2024. The defendants are scheduled for a jury trial beginning on February 5, 2024.  The defendants are in full compliance with their conditions of release.

**II.  United States Supreme Court Grants *Certiorari* in *Fischer*.**

On December 13, 2023, the United States Supreme Court granted the petition for certiorari in *United States v. Fischer*, 64 F.4d 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).  The question presented before the court is whether the D.C. Circuit erred in construing 18 U.S.C. 1512(c)(2)("Witness, Victim, or Informant Tampering"), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence.  Resolution of the question will have a direct impact on the indictment charging these defendants.  There's no hint that the Court is expediting its review in *Fischer*—meaning that, barring some intervening change, it would be argued during the Court's April 2024 argument session, with a decision by the end of June.

The Supreme Court's decision in *Fischer* will impact whether these defendants can be tried and convicted of a violation of 18 U.S.C. 1512(c)(2).  Such a determination will also impact any attempt to negotiate an agreed resolution of the matter by the parties.  And it will impact any potential sentence to be imposed on the defendants in the event of a conviction.

This court, which has inherent control over its docket, should stay this case before proceeding through litigation and trial, fundamentally because there is *at least* a fair prospect of the Supreme Court throwing out the Government's flagship theory in this case.  Such exercise of power may be particularly warranted after the United States Supreme Court has granted certiorari in other cases the outcome of which will shape proceedings.

*See Harrington v. Wilber,* 670 F.Supp.2d 951, 955 (S.D. Iowa 2009) (*citing Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir.1990). It may thus be "prudent" and "warranted" to stay district court litigation amidst doubts about validity of a party's key position after the Supreme Court had granted certiorari in a case raising that very issue. *See Thomas v. Nakatani*, 128 F.Supp.2d 684, 693-94 (D. Hawaii 2000). In exercising the Supreme Court's own power to issue stays, a circuit justice has held that if it was likely that an application presented issues that were "not frivolous" and which would likely induce the Supreme Court to grant certiorari, a stay of district court proceedings should be granted. *See Russo v. Byrne*, 409 U.S. 1219, 1221 (1972) (J. Douglas); see also *Heckler v. Blankenship,* 465 U.S. 1301, 1302 (1984) (J. O'Connor) (staying district court where Supreme Court had already granted certiorari in another case that would provide guidance, and where case presents issues of potentially great legal and social significance).

### III. Both the Fifth and Sixth Amendments Require A Stay.

The Due Process Clause, which provides that "[n]o person shall…be deprived of life, liberty, or property, without due process of law…," U.S. Const. V Amend.  The Fifth Amendment right to due process is no less precious than the right to counsel.  Like the Sixth Amendment, the Fifth Amendment's Due Process Clause assures "fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison* 477 U.S. 365, 374 (1986).  The government violates the Due Process Clause when it "tak[es] away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015).

In the instant case, these defendants are being forced to answer a criminal charge that may very well be deemed unconstitutional or inapplicable to their alleged conduct. Fundamental fairness dictates that they are not forced to run the full gambit of trial and conviction in the face of such uncertainty. They should be afforded the benefit of knowing the resolution of this important issue first.

The Supreme Court's decision in *Missouri v. Frye,* 566 U.S. 134 (2012), made it clear that defendants' Sixth Amendment rights include effective representations in plea negotiations. In this matter, the existence of the 18 U.S.C. 1512(c)(2) charge plays a key role in any effort to negotiate a plea agreement in this matter. The uncertainty posed by the granting of certiorari in *Fischer* frustrates counsel's ability to effectively negotiate an agreed resolution. The granting of a stay of this matter would remedy this impediment.

### IV.    Uncertainty of 1512(c)(2) Charge Adversely Impacts Defendants Decision To Exercise Fifth Amendment Right.

As this Honorable Court is aware, these defendants have an absolute right to testify in their own defense as guaranteed by the Fifth Amendment. Equally, they have the same right not to testify. Every defendant must determine whether to exercise this fundamental Constitutional right. The uncertainty of the 1512(c)(2) charge frustrates the defendants ability to determine whether to exercise their right to testify. Assuming *arguendo*, the Supreme Court invalidates the 1512(c)(2) charge these defendants may very well elect not to testify. However, in the event the D.C. Circuit is affirmed, these defendants may elect to exercise their right to testify. The defendants should not be in such an untenable position.

**V.      Absence of 1512(c)(2) Charge Would Narrow the Scope of Evidence To Be Presented.**

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.  Absent the 1512(c)(2) charge the government's presentation of evidence would be much narrower.  For example, it would make unnecessary to prove the defendants purpose for being at the U.S. Capitol on January 6.  Proceeding to trial absent knowledge of the impact of the *Fisher* matter leaves the parties ill-prepared to adequately determine what evidence would be relevant.

**VI.     Conclusion**

Based on the foregoing arguments and authorities, this Court is respectfully urged to stay these proceedings until a resolution of the *Fischer* matter before the United States Supreme Court.

I ASK FOR THIS

JALISE MIDDLETON
MARK MIDDLETON
By Counsel
_____/s/_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
U.S. District Court Bar No.:  CO0003
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant JALISE MIDDLETON


_____/s/_____
Jerry Ray Smith, Esq.

717 D Street, NW
Washington DC 20004-2812
Counsel for Defendant MARK MIDDLETON

**<u>Certificate of Service</u>**

I hereby certify that I caused a true and accurate copy of the foregoing to be served on all counsel of record via ECF on this December 20, 2023.

_____/s/_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
U.S. District Court Bar No.:  CO0003
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant JALISE MIDDLETON