**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **No. 21-cr-367 (RDM)** |
| | **:** | |
| **JALISE MIDDLETON &** | **:** | |
| **MARK MIDDLETON,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO STAY PROCEEDINGS**

Nearly three years ago, Mark and Jalise Middleton participated in the riot at the United

States Capitol and assaulted some of the police officers who were defending the building, the

lawmakers and staff inside, and the peaceful transition of power.  They were arrested four months

later, and their trial was scheduled for late 2022.  Minute Orders (April 21, 2021, and May 13,

2022).  The defendants then successfully petitioned to have their trial moved to January 2023, then

again to August 2023, and finally to February 2024.  Minute Orders (May 13, 2022, and November

18, 2022); ECF 98.  The defendants now hope to stay the trial indefinitely.  ECF 114.  For the

reasons below, their motion should be denied.

The defendants argue that their trial cannot proceed until the Supreme Court rules in *United*

*States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The issue to be considered

is the appropriate interpretation of the statute criminalizing obstruction of an official proceeding,

18 U.S.C. § 1512(c)(2), which is one of the crimes for which they have been charged. This

development does not merit a continuance or stay of the trial scheduled for February 5, 2024.

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the

stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether

the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

With regard to continuances, "[i]t is firmly established that the granting or refusal of a continuance is a matter within the discretion of the judge who hears the application, and is not subject to review absent a clear abuse." *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978). A court's review of a motion to continue "necessarily depends on all the surrounding facts and circumstances," including: (1) the length of the requested delay; (2) whether other continuances have been requested and granted; (3) the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; (4) whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; (6) whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; (7) and other relevant factors which may appear in the context of any particular case. *Id.* at 491. Other courts in this district have declined to continue sentencing connected to January 6, 2021, riot at the United States Capitol based on the Supreme Court's decision to hear *Fischer*. *See United States v. Christopher Carnell et al.*, 23-cr-139 (BAH), ECF 75 at 7 ("[T]he unlikely chance of defendants' success on the merits, coupled with the lack

of irreparable harm to defendants, compounded by the significantly strong interests of the government and the public in brining criminal matters involving the events at the U.S. Capitol on January 6, 2021, to closure promptly and the interest of this court to control its criminal docket in a  manner that avoids delays in criminal trials due to backlogs of stayed matters, all weigh heavily against a stay."); *United States v. Nichols et al.*, 21-cr-117 (RCL) (Minute Order, 12/21/2023) (denying motion to continue trial pending resolution of *Fischer*); *United States v. Dunfee*, 23-cr-36 (RBW), ECF 60 (same); *see also United States v. Thomas Caldwell¸* 21-cr-28 (APM) (Status Hearing, 12/20/2023) (declining to continue sentencing based on *Fischer*); *United States v. Sara Carpenter*, 21-cr-305 (JEB) (Minute Order, 12/15/2023) (same).

Whether viewed as a motion to stay or a motion for a lengthy continuance, the defendants' motion should be denied because the relevant factors weigh against their request. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that the defendant is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. […] The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See*, *e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."); *see also Carnell et al.*, 23-cr-139, ECF 75 at 4 ("To be sure, the fact that the Supreme Court has granted certiorari to hear *Fischer* is notable, but given the fractured nature

of the three views expressed [by the D.C. Circuit], the reason for further appellate review may be merely to clarify rather than to reject the majority holding.") The defendants are thus far from making a "strong showing" that they are likely to succeed.

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the offenses for which the defendant has been charged. It would also be at least the third continuance of the trial date in this matter. *See*, *e.g.*, ECF 77 (requesting continuance of trial date). Delaying the trial for another six months or more would undermine the interests of the public in the timely adjudication of a case of great significance.

A further lengthy delay of trial for the defendants would also afford them an unfair advantage not granted to the approximately one hundred and fifty people who have been convicted of violations of Section 1512 in connection with the events of January 6, many of whom have been sentenced and are now serving terms of incarceration as a result of their convictions. The defendants should not, based on the timing of their trial relative to the Supreme Court's grant of certiorari, receive any benefit not afforded to the many other people who have been tried, convicted, and—in many cases—incarcerated for violations of this statute.

The defendants will not suffer any irreparable injury by proceeding with trial as scheduled. The crux of the defendants' argument is that, absent a stay, they will have to defend against a charge that they otherwise might not need to.  But the facts concerning this charge are essentially identical to the facts concerning all their other charges:  the government's case and the defendants' will be substantively unchanged regardless of the application of Section 1512(c)(2) to this case. Moreover, even if the Supreme Court were to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate any

application of Section 1512(c)(2) to the defendants. And even if it did, the appropriate venue for

challenging such a conviction would be a post-conviction appeal. Similarly, there is no reason to

continue the defendants' trial when there is a strong possibility that, if they were convicted of

obstruction of an official proceeding, they would not be sentenced until after the Supreme Court

has ruled in *Fischer.* Even if the defendants were sentenced before the ruling in *Fisher*, they may

challenge the conviction and sentencing by moving for bail pending appeal.

Moreover, the defendants are charged with and will be tried for more offenses than solely

obstruction of Congress. They have also been charged with violations of 18 U.S.C. §231(a)(3), 18

U.S.C. § 111, 18 U.S.C. § 1752(a), and 40 U.S.C. § 5104(e)(2).[1] Therefore, if the Supreme Court

were to rule adversely to the government with respect to Section 1512(c)(2)'s application to this

case, the defendants would still need to be tried for eight other charges. Regardless of the

implications of *Fischer*, the public and the government have a right to a prompt resolution of

criminal cases with respect to the other charges on the indictment. This factor weighs particularly

against a stay or continuance in this case because, the defendants have successfully continued this

trial three times, and now hope for a fourth. The public has an interest in a speedy trial; that interest

would be disserved by yet another delay. Moreover, over 300 people have been charged with

---

[1] The defendants argue that proceeding with a trial prior to the Supreme Court's ruling *Fischer* places them in an "untenable position" with respect to their right to testify. ECF 114 at 4. They argue that, if the Supreme Court were to invalidate the application of Section 1512(c)(2) to this case, they may not testify, but, if the Supreme Court were to uphold the ruling of nearly every judge of this Court and the Circuit Court, then they may testify. *Id*. They offer not reasoning for this particular choice of testifying versus not other than that it "may" occur. *Id.* This argument is speculative at best and pretextual at worst. The defendants' decision about whether to testify is one that they must make in this case regardless of what the Supreme Court rules in *Fischer*. As stated above, the defendants are charged with five additional crimes beyond Section 1512(c)(2) and, therefore must choose whether to exercise their absolute right to testify regardless of what the Supreme Court ultimately decides. Presenting their decision to testify in this case as being entirely dependent on the Supreme Court's decision is a false dichotomy.

violating 18 U.S.C. § 1512(c)(2).  A continuance in this case could be the basis for requesting continuances in hundreds of others, delaying a huge percentage of open cases resulting from the attack on the Capitol. The public interest lies firmly with finally trying this case.

Three years after the events of January 6, 2021, more than thirty months since the defendants' were arrested, and after four continuances spanning more than a year, it is time for this case to be heard. The defendants' motion to stay/continue their trial for six months or more should be denied, and the Court should proceed with trial on February 5, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     *s/ Sean P. McCauley*
SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov

*/s/ Brendan Ballou*
Brendan Ballou
DC Bar No. 241592
Special Counsel
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493
brendan.ballou-kelley@usdoj.gov