UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-367 (RDM) |
| v. : | |
| : | |
| JALISE MIDDLETON & : | |
| MARK MIDDLETON, : | |
| : | |
| Defendants. : | |

## PROPOSED VOIR DIRE

*Proposed Neutral Statement of the Case to Read to Prospective Jurors*

In this case, the defendants, Jalise Middleton and her husband Mark Middleton, are charged with violating nine separate federal criminal laws based on their actions at the United States Capitol on January 6, 2021, when the United States Congress was scheduled to meet inside the Capitol building in a joint legislative session to certify the results of the 2020 presidential election. In summary, the Indictment charges the Middletons with obstruction of an official proceeding; assaulting, resisting, or impeding certain officers; entering and remaining in a restricted building or grounds; disorderly and disruptive conduct in a restricted building or grounds; disorderly or disruptive conduct in a Capitol building or grounds; and committing an act of physical violence in a Capitol building or grounds. The Middletons deny the accusations against them.

## *Government's Requested General Questions*

1. Will the defendants, Jalise Middleton and Mark Middleton, PLEASE STAND. Do you know or have you had any contact with either Jalise or Mark Middleton or recognize them from any media coverage about the events of January 6, 2021?

2. Jalise Middleton and Mark Middleton are represented by attorneys Robert Jenkins, Jr., and Jerry Smith, Jr. PLEASE STAND. Do you know or have you had any contact with any of these individuals?

3. The United States is represented in this case by Assistant United States Attorney Sean McCauley and Trial Attorney Brendan Ballou. The attorneys are assisted by paralegal Brianna Rummens. The FBI case agent assigned to this case is Nicholas Shepard. Each of these individuals works for the U.S. Department of Justice. Could you each PLEASE STAND. Do you know or have you had any contact with any of these individuals?

4. During this trial, you may hear testimony from or about a number of people. The attorneys will now identify for you the names of people who may testify or about whom you may hear testimony. Listen carefully and, if you recognize or know any of the people named, please write down the name or names and let me know at the appropriate time. The Government's counsel may go first, and then the defendant may list any additional names.

5. Please look around you. Do you know or recognize any other member of the prospective jury panel, the courtroom staff or me?

6. The lawyers have predicted that the presentation of evidence in this trial should last about one week, but it could be shorter or longer. The jury will sit Monday through Friday, generally from 9:30 a.m. to 5 p.m., although the starting and ending times may vary. The length of jury deliberations following the presentation of evidence at trial will be determined by the jury itself. Do you have an urgent or extremely important matter to attend to this week and next, such that you could be faced with a hardship if selected to serve on the jury in this case?

7. Do you have any vision, language, or hearing problems, or any other physical or medical problems, that would make it unusually difficult for you to serve as a juror in this case, to sit for long periods of time without a break, or that might otherwise interfere with your ability to hear or understand what the witnesses say in this case, to view exhibits and photographs, or to give your full attention to this case?

8. Have you, any member of your family or close friend ever studied law or been employed by a lawyer or a law firm, worked in a courthouse, as a paralegal or legal secretary, or performed legal investigative work?

9. Have you, any member of your immediate family, or close personal friend ever been employed by any local, state, or federal law enforcement agency or a private security company? Law enforcement agencies include for example, the Metropolitan Police Department, the United States Capitol Police, the U.S. Marshals Service, the Federal Bureau of Investigation (FBI), or the police departments of other states or cities.

10. Have you, any member of your immediate family, or close personal friend ever been employed at the United States Capitol in any capacity?

11. Have you, any member of your immediate family, or close personal friend had any experiences with any law enforcement agency or the government that might cause you to favor or disfavor the government or law enforcement?

12. Have you ever filed a complaint against a police officer or anyone in law enforcement?

13. Prior to this case, have you ever served as a juror at a civil trial, a criminal trial, or on a grand jury?

14. Have you, any member of your immediate family, or close personal friend ever been the subject of a criminal investigation, been arrested for, charged with, or convicted, or been sentenced to prison for a crime?

15. Have you, any member of your immediate family, or a close personal friend ever been a victim of or witness to a crime?

16. Have you ever testified in court or before a grand jury?

17. Do you have any opinions about prosecutors or defense attorneys that might affect your ability to serve fairly and impartially in this trial?

18. Do you or have you or does any member of your immediate family, or close personal friend belong to a group or organization that is active in law enforcement or crime victim prevention matters? Some examples of such organizations include: Fraternal Order of Police, Crime Watch, Crime Stoppers, Orange Hats, or other organizations, including any groups on the Internet, which monitor or discuss neighborhood crime issues.

19. I will be instructing the jury in this case that the testimony of law enforcement officers should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because that witness works in law enforcement. Do you have such strong feelings about law enforcement—either positive or negative—that it would be difficult for you to follow this instruction or be a fair juror in the case?[1]

20. The defendants have entered pleas of not guilty to all the charges. In a criminal case, a defendant is presumed innocent unless and until the government proves the defendant's guilt beyond a reasonable doubt. Will you have any difficulty accepting or applying this rule of law?

21. To reach a verdict on a particular charge, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors, but you must also follow your own conscience and be personally

---

[1] The defense requests that the phrase "such strong" be struck from the second sentence of this question.

satisfied with any verdict. Would you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

22. This case involves evidence recovered during the execution of a court-approved search warrant. Do you have such strong feelings about the execution of court-approved search warrants that would make it difficult for you to be fair and judge this case on the evidence presented in court?[2]

23. Do you know of any other reason that I haven't asked about that would prevent you from following my instructions on the law and being completely fair and impartial as a juror in this case? For example, do you have any moral, religious, or ethical beliefs that prevent you from sitting in judgment of another person?

### *Government's Requested Specific Questions Regarding January 6, 2021*

24. Do you, any member of your immediate family, or close personal friend live or work near, or have any special familiarity with the United States Capitol or the area surrounding the Capitol? In this case, "near" means the immediate vicinity of the Capitol complex.

25. Were you, any member of your immediate family, or close personal friend present at or near the Capitol on January 6, 2021?

26. Have you closely followed news about the events that took place at the Capitol on January 6, 2021?[3]

27. Some people have strong feelings—both positive and negative—about the events that occurred on January 6, 2021. Do you believe that you can sit fairly and impartially in a case in which a defendant is charged in connection with the events of that day?

28. Have you seen, heard, or followed anything in the news or elsewhere about specific individuals who were present at the Capitol on January 6, 2021?[4]

29. Do you have any impressions or feelings, positive or negative, about how the Department of Justice has been handling the criminal cases arising from the events at the U.S. Capitol on January 6, 2021, that would make it hard for you to be a fair and impartial juror in this case?

30. Have you seen, heard, or followed anything in the news or elsewhere about specific individuals who were present at the U.S. Capitol on January 6, 2021?[5]

---

[2] The defense requests that the phrase "such strong" be struck from the second sentence of this question.

[3] The defense requests that the court also inquire about the news source from which the prospective jurors have received their news or information about January 6, 2021. The government objects to asking the jurors their news sources.

[4] *See supra at* footnote 3.

[5] *See supra at* footnote 3.

31. Do you have any personal feelings or opinions about the outcome of the 2020 presidential election, such that it would impact your ability to be fair and impartial in this case?[6]

32. Do any of you believe that the 2020 presidential election was stolen, corrupt, or fraudulent?[7]

33. I will be instructing the jury that it may consider only evidence that was properly admitted in this case, and the law as I instruct it, and not anything jurors may have seen or heard outside this courtroom about the events at the U.S. Capitol on January 6, 2021. Is there any reason it would be difficult for you to set aside whatever you have seen or heard and whatever feelings or opinions you have about that, to follow my instructions, and to be a fair and impartial juror in this case?

### *Defense's Requested Voir Dire*

34. Do you believe that most of the individuals who attended the events at the U.S. Capitol on January 6, 2021, were involved in some criminal behavior?[8]

35. Do you have any negative feelings toward terms such as "America first", "MAGA", or "make America great again."[9]

36. Are you, or have you ever, been a member of any group associated with Black Lives Matter, Occupy Movement, or Antifa?[10]

37. Have you, or has a member of your family, ever been a police officer or military police officer or worked in a security field either for the state or national government or for private industry?

38. Has any member of that group ever worked for the court system as a clerk, probation officer, parole officer, or in any other capacity?

39. Do any of you believe that a police officer or a member of the FBI is more worthy of belief than any other citizen of our community?[11]

---

[6] The defense requests that this question be asked as follows: "Do you have any personal feelings or opinions about the outcome of the 2020 presidential election, that would prevent you from being fair and impartial in this case?"

[7] The defense objects to this question.

[8] The government requests that this question be asked as follows: "Do you understand that many people participated in the events that took place in Washington, D.C., on January 6, 2021, and that each person who participated must be judged guilty or not according to their specific conduct?"

[9] The government objects to this question.

[10] The government objects to this question.

[11] The governments objects to this question as redundant of Question 19.

40. Does your job cause you to work with the District of Columbia Metropolitan Police Department?

41. Have you or your immediate family members ever served in the military? If so, in what capacity?

42. Do any of you know any of the other potential jurors siting in this room? If so, would your knowing that person cause you to change your position on the verdict in this case if that person had a position different than you?

43. Do any of you have difficulty reading, speaking or understanding English? Do any of you have a problem with your hearing or your eyesight that might make it difficult to hear or see the evidence presented in this case?

44. Do you agree with the fact that an indictment is merely a device for setting in motion the presentation of a case to the jury; that it is not proof and that no unfavorable inference may be drawn against a person merely because he is charged with a crime?

45. Do all of you believe the basic constitutional presumption that every person charged with a criminal offense is presumed innocent of any crime until proven guilty beyond a reasonable doubt? Would you have any difficulty applying this presumption?[12]

46. So as you look to the defense table, do you believe completely that the person sitting there as a defendant is innocent of any crime until and unless the Government proves its case?[13]

47. Do you understand that the burden of proof rests with the prosecution?

48. Do you understand and accept the principle that a defendant in a criminal case is not required to explain his or her side of the case since the burden of proof does, in fact, rest with the prosecution? [14]

---

[12] The government objects to this question as redundant of Question 20.
[13] The government objects to this question.
[14] The government requests that this question and Questions 53-55 be asked as a single group as follows: "Do you understand that the defendants have an absolute right to choose whether to testify or not? Do you understand that, if both or either defendant chooses not to testify, you must not hold their decision not to do so against them? Do you understand that, if either or both defendants choose not to testify, you must consider their testimony with same weight as you would any other witness?" The government objects to the defense's proposed part of this question regarding the government's burden of proof as redundant of Question 47, to which the government does not object.

49. If, after you hear the evidence, you thought that the Defendant was probably guilty--you weren't convinced and you thought the evidence showed he was probably guilty--would you nevertheless be able to return a verdict of not guilty in this case?[15]

50. Would any of you change your verdict if a majority of the other jurors believed that a person was guilty and you were in the minority?[16]

51. Do you realize that the Assistant U.S. Attorney and defense counsel are both lawyers, equal in the eyes of the law, each doing his best to represent his client?[17]

52. Are you going to give more weight to the arguments of the prosecutor than to defense counsel merely because they bear the impressive title "Assistant U.S. Attorney"?[18]

53. If the defendants should take the stand and testify, will you judge their testimony by exactly the same standards you use for judging the truth of the testimony of all witnesses?[19]

54. Do you feel that because the defendants are accused of a crime, you ought to place some special qualifications on their testimony?

55. Will you consider and judge the defendants' testimony by the same rules and standards you would use in judging the testimony of any other witness in this case?

56. Do you have any belief or opinion that the offenses with which the defendants are charged is unique in any respect, in the sense that they should be pursued with extraordinary vigor?[20]

57. Is there anything at all about the criminal charges here involved that would make you prejudiced against someone who's merely accused of it?[21]

58. Do you realize that if you are offended by the nature of the charge, if someone was accused of a crime horrible enough, he could never be tried fairly as to whether or not in fact he did the act alleged?[22]

59. If you are selected as a juror in this case, the judge will instruct you to avoid and not seek out media coverage about this case or about Mr. and Ms. Middleton. The judge will instruct

---

[15] The government objects to this question as redundant of Question 20.
[16] The government objects to this question.
[17] The government objects to this question.
[18] The government objects to this question.
[19] *See supra* at footnote 14.
[20] The government objects to this question.
[21] The government objects to this question as redundant of Question 33.
[22] The government objects to this question.

you not to google or search for information about this case or Mr. and Ms. Middleton on the internet. Do you have any questions or concerns about your ability to follow such instructions?

60. You are to decide this case based only on the evidence presented in court and not based on anything you may have learned about the events of January 6 from outside sources such as the news or social media. Can you put aside what you may have already learned about the events of January 6 and any opinions you may have already formed about the people involved in those events when considering the evidence in this case?[23]

61. Do you think that, if a person was on the grounds of the U.S. Capitol on January 6 when people were storming the building, that that person was likely trying to stop, delay, or interfere with the certification of Electoral College votes for Joseph Biden as President?[24]

62. Do you think that people who participated in the events at the U.S. Capitol on January 6 are likely guilty of criminal wrongdoing?[25]

63. What social media platforms do you use, how often do you use them, and what do you use them for?[26]

---

[23] The government objects to this question as redundant of Question 33.
[24] The government objects to this question. The government also notes that the proposed question in footnote 8 sufficiently inquires of the jurors' ability to judge the defendants individually.
[25] The government objects to this question as redundant of Questions 29, 31, and 33
[26] The government objects to this question.