# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CASE NO. 21-CR-367 (RDM)** |
| | : | |
| **JALISE MIDDLETON, and** | : | |
| **MARK MIDDLETON,** | : | |
| | : | |
| **Defendants.** | : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

### Instructions Before Trial

#### 1.105A Notetaking by Jurors

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be

collected, and the pages torn out and destroyed.  No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

**Instructions After Trial**

2.100 Furnishing the Jury with a Copy of the Instructions

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.  If you have any questions about the instructions, you should feel free to send me a note.  Please return your instructions to me when your verdict is rendered.

2.101 Function of the Court

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you.  You should consider all the instructions as a whole.  You may not ignore or refuse to follow any of them.

2.102 Function of the Jury

Your function, as the jury, is to determine what the facts are in this case.  You are the sole judges of the facts.  While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence.  You alone decide the credibility or believability of the witnesses.

As I explained earlier, as human beings, we all have personal likes and dislikes, opinions, prejudices, and biases.  Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware.  Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict.  All people deserve fair treatment in the legal system regardless of

2

any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level, or any other personal characteristic.  You should determine the facts solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case.  If you believe that I have expressed or indicated any such opinion, you should ignore it.  The verdict in this case is your sole and exclusive responsibility.

### 2.103 Jury's Recollection Controls

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

### 2.105 Statements of Counsel

The statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

### 2.106 Indictment Not Evidence

The information is merely the formal way of accusing a person of a crime.  You must not consider the information as evidence of any kind—you may not consider it as any evidence of Mrs. and Mr. Middleton's guilt or draw any inference of guilt from it.

### 2.107 Burden of Proof—Presumption of Innocence

Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt.  This burden never shifts throughout the trial.  The law does not require Mrs. or Mr. Middleton to prove their innocence or to produce any evidence at all.  If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which Mrs. or Mr. Middleton is charged, it is your duty to find them guilty of that offense.  On the other hand, if you find the government has failed to prove any element of

a particular offense beyond a reasonable doubt, it is your duty to find Mrs. or Mr. Middleton not guilty.

## 2.108 Reasonable Doubt

The government has the burden of proving Mrs. and Mr. Middleton guilty beyond a reasonable doubt.  In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable.  In criminal cases such as this one, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case.  If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason.  The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty.  Its burden is to prove guilt beyond a reasonable doubt.

## 2.109 Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence.  When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.  On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example.  Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct

evidence that snow was falling at the time he saw it happen.  Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up.  His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact.  The law does not favor one form of evidence over another.  It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial.  You are permitted to give equal weight to both.  Circumstantial evidence does not require a greater degree of certainty than direct evidence.  In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

### 2.110 Nature of Charges Not to Be Considered

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict.  We asked you that question because you must not allow the nature of a charge to affect your verdict.  You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

### 2.111 Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

## 2.112 Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.  You must not hold such objections against the lawyer who made them or the party she or he represents.  It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.  If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.  Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

## 2.200 Credibility of Witnesses

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses.  You alone determine whether to believe any witness and the extent to which a witness should be believed.  Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a

meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

### 2.207 Police Officer's Testimony

A police officer's testimony should be evaluated by you just as any other evidence in the case.  In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a police officer.

### 2.208 Right of Defendant Not to Testify

Every defendant in a criminal case has an absolute right not to testify.  Mrs. and Mr. Middleton have chosen to exercise this right.  You must not hold this decision against them, and it would be improper for you to speculate as to the reason or reasons for their decision.  You must not assume the defendants are guilty because they chose not to testify.

### 2.209 Defendant as Witness

A defendant has a right to become a witness in his or her own behalf.  Their testimony should not be disbelieved merely because they are the defendants.  In evaluating their testimony, however, you may consider the fact that the defendants have an interest in the outcome of this trial.  As with the testimony of any other witness, you should give the defendants' testimony as much weight as in your judgment it deserves.

### 2.216 Evaluation of Prior Inconsistent Statement of a Witness

The law treats prior inconsistent statements differently depending on the nature of the statements and the circumstances in which they were made.  I will now explain how you should evaluate those statements.

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial.  It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here.  If you find such an inconsistency, you may consider the earlier statement

in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

You [also] have heard evidence that [name of witness] made an earlier statement under oath, subject to the penalty of perjury at [a prior proceeding] [the grand jury] [a deposition] and that this statement may be inconsistent with [his] [her] testimony here at trial.  If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness.  You also may consider this earlier statement as evidence that what was said in the earlier statement was true.

<u>2.217 Evaluation of Prior Consistent Statement of a Witness</u>

You have heard evidence that [name of witness] [name of defendant] made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial.  This earlier statement was brought to your attention [both] to help you in evaluating the credibility of the witness [and as evidence in this case].  If you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency [both] in judging the credibility of the witness here at trial [but you may not use it] [and] as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

<u>2.305 Statements of The Defendant—Substantive Evidence</u>

You have heard evidence that the defendants made statements to the police about the crime charged.  You should consider all the circumstances, including whether the police recorded the statement, in deciding whether they made the statements.  If you find that they did make the statements, you must decide how much weight to give the statements.  For example, you may consider whether they made the statement voluntarily and understood what they were saying.  You

may consider whether they were forced, threatened, or pressured, either physically or psychologically, and whether they were promised any reward or benefit for making the statement. You may consider all the conversations between them and the police. You may consider whether the police warned them of their rights. You may consider where and when the statement was given; the duration of any questioning; who was present during some or all of the questioning of the defendants; and whether the police recorded some or all of the conversations. You may consider the age, education, experience, intelligence and the physical and mental condition of the defendants.

2.404 Multiple Defendants—Multiple Counts

Each count of the indictment charges a separate offense. Moreover, each defendant is entitled to have the issue of his or her guilt as to each of the crimes for which she or he is on trial determined from his or her own conduct and from the evidence that applies to him or her as if she or he were being tried alone. You should, therefore, consider separately each offense, and the evidence which applies to it, and you should return separate verdicts as to each count of the indictment, as well as to each defendant.

The fact that you may find any one defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment for that defendant. Nor should it influence your verdict with respect to any other defendant as to that count or any other count in the indictment. Thus, you may find any one of the defendants guilty or not guilty on any one or more counts of the indictment, and you may return different verdicts as to different defendants and as to different counts. At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any defendant on any count.

### 2.405 Unanimity

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict.  In other words, your verdict on each count must be unanimous.

### 2.407 Verdict Form Explanation

You will be provided with a Verdict Form for use when you have concluded your deliberations.  The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.  Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt.  The form is meant only to assist you in recording your verdict.

### 2.501 Exhibits During Deliberations

I will be sending into the jury room with you the exhibits that have been admitted into evidence.  You may examine any or all of them as you consider your verdict.  Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

### 2.502 Selection of Foreperson

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court.  There are no specific rules regarding how you should select a foreperson.  That is up to you.  However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence.  Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to

speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

### 2.505 Possible Punishment Not Relevant

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

### 2.508 Cautionary Instruction on Publicity, Communication, and Research

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

<u>2.509 Communication Between Court and Jury During Jury's Deliberations</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

<u>2.510 Attitude and Conduct of Jurors in Deliberations</u>

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

<u>3.101 Proof of State of Mind</u>

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts

done by Mrs. and Mr. Middleton, and all other facts and circumstances received in evidence which indicate their intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.  You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Mrs. and Mr. Middleton acted with the necessary state of mind.

### 1.105B Notetaking by Jurors

During the trial, I have permitted those jurors who wanted to do so to take notes.  You may take your notebooks with you to the jury room and use them during your deliberations if you wish.  As I told you at the beginning of the trial, your notes are only to be an aid to your memory.  They are not evidence in the case, and they should not replace your own memory of the evidence.  Those jurors who have not taken notes should rely on their own memory of the evidence.  The notes are intended to be for the notetaker's own personal use.

### Mixed or Dual Intent

A person may act with more than one intent.[1]  For example, a person paying bribes to an elected official may have the intent both to cultivate friendship with the official and to illegally influence official acts that the person wants the official to take.[2]  You may find that the defendant

---

[1] *United States v. Brown*, 934 F.3d 1278, 1307 (11th Cir. 2019); 2 James Fitzjames Stephen, *A history of the Criminal Law of England* 121 (1883) ("[A] man's motives for any given act . . . are always mixed.")

[2] *United States v. Woodward*, 149 F.3d 46, 70 (1st Cir. 1998).

acted with corrupt intent even if you also find the defendant acted, in part, for legitimate reasons, if you also find that he used unlawful means or acted with an unlawful purpose, or both.[3]

---

[3] *United States v. Bryant*, 655 F.3d 232, 245-46 (3d Cir. 2011) (upholding similar jury instruction); *United States v. Coyne*, 4 F.3d 100, 113 (2nd Cir. 1993).

## ELEMENTS OF THE OFFENSES AND SUBSTANTIVE INSTRUCTIONS

**Instruction No. 1: Count 1, Assaulting, Resisting, Or Impeding Officers[4]**

*18 U.S.C. § 111(a)(1)*

Count One of the Indictment charges both defendants with assaulting, resisting, or impeding Officer T.T., a person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.

### Elements

In order to find the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer T.T., an officer from the Washington, D.C. Metropolitan Police Department.

Second, the defendant did so forcibly.

Third, the defendant did so voluntarily and intentionally.

Fourth, Officer T.T. was assisting officers or employees of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Officer T.T., or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Counts Three and Four.

### Definitions

A person acts "forcibly" if he or she used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is

---

[4] For January 6 trials that have used similar instructions, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 24-25); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 22).

not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[5]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[6]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

It is not necessary to show that each defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal

---

[5] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases). For a January 6 case using this definition, see *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 19).

[6] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). For other January 6 trials that have used similar instructions, see *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 30), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 14), *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 23), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 19-20).

officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, assisting a federal officer acting in the course of his duty and that each defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[7]

Aiding & Abetting[8]

In this case, the government further alleges that both defendants assaulted, resisted, or impeded Officer T.T., as charged in Count One, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count One.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

---

[7] *United States v. Celentano*, 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 30); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 20-21).

[8] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02. *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 29-31); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 21-25). The rule is well established that one who has been indicted as a principal may be convicted on evidence showing that he has merely aided and abetted the commission of the offense. *United States v. Gordon*, 812 F.2d 965, 969 (5th Cir.), *cert. denied*, 482 U.S. 908, 107 S.Ct. 2488, 96 L.Ed.2d 380 (1987). An aider and abettor charge is implicit in all indictments for substantive offenses so it does not need to be specifically pleaded for a conviction to be sustained under aiding and abetting. *Dodd*, 43 F.3d 759, 762, n.5 (1st Cir. 1995); *United States v. Salazar*, 983 F.2d 778, 782 (7th Cir. 1993); *Gordon*, 812 F.2d at 969; *Kegler*, 724 F.2d at 201; *Perry*, 643 F.2d at 45; *United States v. Garrison*, 527 F.2d 998, 999 (8th Cir. 1975); *United States v. Sannicandro*, 434 F.2d 321, 324 (9th Cir. 1970); *United States v. Lester*, 363 F.2d 68, 72 (6th Cir. 1966), *cert. denied*, 385 U.S. 1002, 87 S.Ct. 705, 17 L.Ed.2d 542 (1967). The cases state that although aiding and abetting is not required to be specifically pleaded, such defendants should not be subjected to unfair surprise as to this issue. *United States v. Loscalzo*, 18 F.3d 374, 383 (7th Cir. 1994); *United States v. Neal*, 951 F.2d 630, 633 (5th Cir. 1992). Cases state that the burden is on the defendant to show unfair surprise. *Id.*

It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendants guilty of assaulting, resisting, or impeding Officer T.T. because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements as to each defendant:

First, that others assaulted, resisted, or impeded Officer T.T.by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that Officer T.T. had been assaulted, resisted, or impeded by others or that others were going to do the same.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in assaulting, resisting, or impeding Officer T.T.

Fifth, that the defendant did that act or acts with the intent that others assault, resist, or imped Officer T.T..

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged

only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstruction of an official proceeding as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count One if he or she assaulted, resisted, or impeded Officer T.T. or aided and abetted others in assaulting, resisting, or impeding Officer T.T.  Both of these ways of committing the offense are described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant assaulted, resisted, or impeded Officer T.T. in either of these ways, you should find the defendant guilty of Count One, and you need not consider whether the defendant assaulted, resisted, or impeded Officer T.T. in the alternate way.

**Instruction No. 2: Count 2, Assaulting, Resisting, Or Impeding Officers**[9]

*18 U.S.C. § 111(a)(1)*

Count Two of the Indictment charges both defendants with assaulting, resisting, or impeding Officer R.C., a person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.

<u>Elements</u>

In order to find the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer R.C., an officer from the Washington, D.C. Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer R.C. was assisting officers or employees of the United States who were then engaged in the performance of their official duties.

Fifth, each defendant made physical contact with Officer R.C., or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Counts Three and Four.

<u>Definitions</u>

The definitions of "forcibly" and "assault" are the same as those in Count One.

<u>Aiding & Abetting</u>

In this case, the government further alleges that both defendants assaulted, resisted, or

---

[9] For January 6 trials that have used similar instructions, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23 and 26); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 22).

impeded Officer R.C., as charged in Count Two, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Two.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendants guilty of assaulting, resisting, or impeding Officer R.C. because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements as to each defendant:

First, that others assaulted, resisted, or impeded Officer R.C. by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that Officer R.C. had been assaulted, resisted, or impeded by others or that others were going to do the same.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in assaulting, resisting, or impeding Officer R.C.

Fifth, that the defendant did that act or acts with the intent that others assault, resist, or imped Officer R.C.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count One if he or she assaulted, resisted, or impeded Officer R.C. or aided and abetted others in assaulting, resisting, or impeding

Officer R.C.  Both of these ways of committing the offense are described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant assaulted, resisted, or impeded Officer R.C. in either of these ways, you should find the defendant guilty of Count Two, and you need not consider whether the defendant assaulted, resisted, or impeded Officer R.C. in the alternate way.

### Instruction No. 3: Count 3, Obstructing Officers During A Civil Disorder[10]

*18 U.S.C. § 231(a)(3)*

Count Three of the Indictment charges both defendants with obstructing law enforcement officers T.T. or R.C. during a civil disorder, which is a violation of federal law.

Count three also charges the defendants with attempting to commit the crime of obstructing Officers T.T. or R.C. and aiding or abetting others to do the same during a civil disorder.

First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether each defendant attempted and aided and abetted the offense.

<u>Elements</u>

In order to find the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt as to each defendant:

---

[10] For January 6 trials that have used similar instructions, see *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 15-16); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 21-22); *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 17); *United States v. DaSilva*, 21-cr-564 (CJN) (ECF No. 76 at 2-3); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 22); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26); *see also United States v. Grider*, 21-cr-022 (CKK), 2022 WL 17829149, at *8 (D.D.C. Dec. 21, 2022) ("[T]he Court need not find that the defendant's actions in fact obstructed law officer officers. Rather, the Court need only find that the defendant committed or attempted to commit an act with the specific intent to obstruct law enforcement officers.").

First, the defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with Officers T.T. and/or R.C.

Second, at the time of the defendant's actual act, Officers T.T. or R.C. were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

<u>Definitions</u>

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.[11]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[12]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the

---

[11] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 21).

[12] *See* 18 U.S.C. § 232(3).

legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.[13]

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia.

A person acts "knowingly" if he or she realizes what he or she is doing and is aware of the nature of his or her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[14]

---

[13] *See, e.g.*, *United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.' Webster's Third New International Dictionary 1172 (1971)."). For January 6 cases using this instruction, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23),*United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26), *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 29-30).

[14] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7 (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9) (same).

<u>Attempt</u>[15]

In Count Three, the defendants are also both charged with attempt to commit the crime of obstructing Officers T.T. and R.C. during a civil disorder.  An attempt to obstruct officers during a civil disorder is a crime even if the defendant did not actually complete the crime.

In order to find the defendants guilty of attempt to commit obstructing officers during a civil disorder you must find that the government proved beyond a reasonable doubt each of the following elements as to each defendant:

First, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

Second, that the defendant took a substantial step toward obstructing Officer T.T. or R.C. during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to obstruct officers during a civil disorder merely because the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to obstruct officers during a civil disorder merely because the defendant made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his or her intent to commit obstruction of officers during a civil disorder.  However, the substantial step element does not require the

---

[15] Redbook 7.101; The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.09; Third Circuit Pattern Jury Instructions 7.01.  *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 28); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 30-32).

government to prove that the defendant did everything except the last act necessary to complete the crime.

<u>Aiding and Abetting</u>

In this case, the government further alleges that both defendants committed the offense of obstruction Officers T.T. and R.C. during a civil disorder as charged in Count Three, by aiding and abetting others in committing this offense.  This is not a separate offense but merely another way in which the government alleges that the defendants committed this offense in Count Three.

A person may be guilty of an offense if he or she aided and abetted another person in committing the offense.   A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal.  It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstructing Officers T.T. and R.C. because the defendants aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements as to each defendant:

First, that others committed the offense of obstruction of Officers T.T. and R.C. during a civil disorder by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that the crime obstruction of Officers T.T. and R.C. was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstructing Officers T.T. and R.C. during a civil disorder.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstructing Officers T.T. and R.C.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstructing Officers T.T. and R.C. during a civil disorder as an

aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count Three he or she obstructed, impeded, or interfered with Officers T.T. and/or R.C, or attempted to obstruct, impede, or interfere with Officers T.T. and R.C., and/or aided or abetted others in doing the same.  Each of these three ways of committing the offense is described in the instructions that I have given you.  If you find beyond a reasonable doubt that each defendant committed the offense of obstructing, impeding, or interfering with Officers T.T. and R.C. in any one of these ways, you should find each defendant guilty of Count Three, and you need not consider whether each defendant committed the offense of obstructing, impeding, or interfering with Officers T.T. and R.C. during a civil disorder in the other way.

### Instruction No. 4: Count 4, Obstruction Of An Official Proceeding[16]

*18 U.S.C. § 1512(c)(2)*

Count Four of the Indictment charges both defendants with corruptly obstructing an official proceeding, which is a violation of federal law.

Count Four also charges the defendants with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense.  First, I will explain the elements

---

[16] 18 U.S.C. § 1512(c)(2). For other January 6 trials that have used similar instructions to these, see, *e.g.*, *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 28); *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 23-27); *United States v. Stedman*, 21-cr-383 (BAH) (ECF No. 69 at 5-8); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 8); *United States v. Carpenter*, 21-cr-305-JEB (ECF No. 97 at 10); *United States v. Robertson*, 21-cr-34 (CRC) (ECF No. 86 at 11-12), *affirmed at __ F.4th __*, 2023 WL 6932346 (D.C. Cir. 2023); *United States v. Reffitt*, 21-cr-32 (DLF) (ECF No. 119 at 25); *United States v. Williams*, 21-cr-377 (BAH) (ECF No. 112 at 7); *United States v. Hale-Cusanelli*, 21-cr-37 (TNM) (ECF No. 84 at 24); and *United States v. Bledsoe*, 21-cr-204 (BAH) (ECF No. 215 at 7).

of the substantive offense, along with its associated definitions.  Then, I will explain how to determine whether the defendants attempted the offense and whether the defendants aided and abetted the offense.

<u>Elements</u>

In order to find the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his or her conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

<u>Definitions</u>

To "obstruct" or "impede" means to block, interfere with, or slow the progress of an official proceeding.

Congress's Joint Session to certify the Electoral College vote on January 6, 2021, was an "official proceeding" as that term is used in this count.[17]  The official proceeding need not be pending or about to be instituted at the time of the offense.  If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.[18]

_____

[17] *United States v. Fischer*, 64 F.4th 329, 342 (D.C. Cir. 2023) (holding "that congressional certification of the Electoral College count is an 'official proceeding'" for purposes of § 1512(c)(2)). *See also* 18 U.S.C. § 1515(a)(1)(B) (defining "official proceeding" to include "a proceeding before the Congress").

[18] 18 U.S.C. § 1512(f)(1) ("For the purposes of this section—(1) an official proceeding need not be pending or about to be instituted at the time of the offense").  For the nexus requirement (that the official proceeding need be reasonably foreseeable), see *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995).  For other

A person acts "knowingly" if he or she realizes what he or she is doing and is aware of the nature of his or her conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[19]

To act "corruptly," the defendant must use independently unlawful means or act with an unlawful purpose, or both.[20]  The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.  For example, a witness in a court proceeding may refuse to testify by invoking his or her constitutional

---

January 6 trials that have used a similar instruction, see*, e.g.*, *United States v. Reffitt*, 21-cr-32 (DLF) (ECF No. 119 at 25-26), *United States v. Robertson*, 21-cr-34 (CRC) (ECF No. 86 at 12), *affirmed at* __ F.4th __, 2023 WL 6932346 (D.C. Cir. 2023), *United States v. Thompson*, 21-cr-161 (RBW) (ECF No. 832 at 26), *United States v. Williams*, 21-cr-377 (BAH) (ECF No. 112 at 7); and *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 23).

[19] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 26) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7 (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)).

[20] In *United States v. Robertson*, __ F.4th __, 2023 WL 6932346 (D.C. Cir. 2023), the district court adopted a jury instruction that largely mirrored this proposed definition of "corruptly." *Id.* at *3. On appeal, the D.C. Circuit stated: "[T]he district court correctly informed the jury that it could find that Robertson acted 'corruptly' if the government proved that he 'use[d] [independently] unlawful means' when he obstructed, impeded, or influenced the Electoral College vote certification. . . . Defining 'corruptly' as 'wrongfully' — and treating independently unlawful conduct as 'wrongful' — provides an objective measure of culpable conduct that is straightforward to apply: A court or a jury can easily determine whether the evidence shows that a defendant took unlawful action to obstruct, impede, or influence the proceeding." *Id.* at *9.

privilege against self-incrimination, thereby obstructing or impeding the proceeding, but that person does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[21] One way of acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person.[22]

While the defendant must act with intent to obstruct the official proceeding, this need not be his or her sole purpose. A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his or her conduct.[23]

---

[21] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North*, 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1, 19-20 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 26 (D.D.C. 2021); *United States v. Montgomery*, 578 F. Supp. 3d 54, 82 (D.D.C. 2021); *United States v. Lonich*, 23 F.4th 881, 902-03 (9th Cir. 2022).  For other January 6 trials that have used similar instructions, see, *e.g.*, *United States v. Williams*, 21-cr-377 (BAH) (ECF No. 112 at 7), *United States v. Reffitt*, 21-cr-32 (DLF) (ECF No. 119 at 25-29), and *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10).

[22] "[T]here are many ways to prove 'corruptly[,]'" *United States v. Robertson*, __ F.4th __, 2023 WL 6932346, at *11, n.8 (D.C. Cir. Oct. 20, 2023); this is merely one way.  *See id.* at *12 ("Acting 'dishonestly' would be consistent with the ordinary meaning of acting 'corruptly.' . . . Likewise, a defendant's obstructive conduct may often seek to secure an unlawful benefit for himself or another, such as preventing negative testimony at a trial."). This formulation, which *Robertson* found was not required but which incorporates aspects of the lead and concurring opinions in *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *id.* at 352 (Walker, J., concurring), was provided in *United States v. Nordean, et al*, 21-cr-175 (TJK) (ECF No. 767 at 31-32), *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10), *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 24), *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 27), and *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 28).

[23] *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10); *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 27); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 29).

<u>Attempt</u>

In Count Four, the defendants are also charged with attempt to commit the crime of obstructing an official proceeding.  An attempt to obstruct an official proceeding is a crime even if the defendants did not actually complete the crime.

In order to find the defendants guilty of attempt to commit obstruct an official proceeding you must find that the government proved beyond a reasonable doubt each of the following elements as to each defendant:

First, that the defendant intended to commit the crime of obstructing an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward obstructing an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to obstruct an official proceeding merely because the defendant thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant' mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to obstruct an official proceeding merely because the defendant made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his or her intent to commit obstruction of an official proceeding.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

<u>Aiding & Abetting</u>[24]

In this case, the government further alleges that both defendants committed obstruction of an official proceeding, as charged in Count Four, by aiding and abetting others in committing this offense.  This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Four.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendants guilty of obstruction of an official proceeding because the defendants aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements as to each defendant:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of

---

[24] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02.  *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 29-31); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 21-25).

aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstruction of an official proceeding as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in

the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count Four if he or she obstructed an official proceeding, attempted to obstruct an official proceeding, or aided and abetted obstruction of an official proceeding. Each of these three ways of committing the offense is described in the instructions that I have given you. If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of an official proceeding in any one of these three ways, you should find the defendant guilty of Count Four, and you need not consider whether the defendant committed the offense of obstruction of an official proceeding in the other two ways.

**Instruction 5: Count 5, Entering and Remaining in a Restricted Building or Grounds[25]**

*18 U.S.C. § 1752(a)(1)*

Count Five of the Indictment charges both defendants with entering or remaining in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

---

[25] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 30).

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

**Instruction 6: Count 6, Disorderly Or Disruptive Conduct In A Restricted Building[26]**

*18 U.S.C. § 1752(a)(2)*

Count Six of the Indictment charges both defendants with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant' conduct occurred when, or so that, their conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

---

[26] 18 U.S.C. § 1752. For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 13).

<u>Definitions</u>

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[27] Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[28]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[29]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count Five.

### Instruction 7: Count 7, Engaging In Physical Violence In A Restricted Building Or Grounds [30]

*18 U.S.C. § 1752(a)(4)*

Count Seven of the Indictment charges both defendants with engaging in physical violence in a restricted building or grounds, which is a violation of federal law.

---

[27] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

[28] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 27); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 237-38).

[29] Redbook 6.643.

[30] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 30); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 34); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 40); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 18); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 40-41).

<u>Elements</u>

In order to find the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

<u>Definitions</u>

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count Five.

**Instruction 8: Count 8, Disorderly Conduct In A Capitol Building Or Grounds[31]**

*40 U.S.C. § 5104(e)(2)(D)*

Count Eight of the Indictment charges both defendants with disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

<u>Elements</u>

In order to find the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

---

[31] For January 6 cases using similar instructions, see *United States v. Jenkins*, 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 28); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 10-11).

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

<u>Definitions</u>

The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded. The Capitol Grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest.

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Six. For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[32]

The terms "knowingly" and "willfully" have the same meaning described in the instructions for Count Four.

**Instruction 9: Count 9, Act Of Physical Violence At The Capitol Building Or Grounds[33]**

*40 U.S.C. § 5104(e)(2)(F)*

Count Nine of the Indictment charges both defendants with an act of physical violence in the Capitol Building or Grounds, which is a violation of federal law.

---

[32] *See United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 17).

[33] For January 6 cases using similar instructions, see *United States v. Jenkins*, 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Alberts*, 21-cr-26 (CRC) (ECF No. 147 at 20); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 36); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 43), *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 19). *See also United States v. Jones*, 21-cr-213 (RJL) (ECF No. 75 at 9-10) (notes for bench verdict setting out elements and defining "act of physical violence" to include destruction of property).

<u>Elements</u>

In order to find the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant engaged in an act of physical violence within the Capitol Buildings or Grounds.

Second, the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or involving damage to, or destruction of, real or personal property.

The terms "Capitol Buildings" and "Capitol Grounds" have the same meaning described in the instructions for Count Eight. The terms "knowingly" and "willfully" have the same meaning described in the instructions for Count Four.

## **INSTRUCTION TO BE GIVEN AFTER READING SUBSTANTIVE INSTRUCTIONS**

### 2.511 Excusing Alternate Jurors

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you

not to discuss the case with anyone until we call you.  My earlier instruction on use of the Internet

still applies; do not research this case or communicate about it on the Internet.  In all likelihood,

we will be calling you to tell you there has been a verdict and you are now free to discuss the case;

there is, however, the small chance that we will need to bring you back on to the jury.  Thank you

very much for your service, and please report back to the jury office to turn in your badge on your

way out.

*      *      *

Respectfully submitted,
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:      */s/ Sean P. McCauley*
SEAN P. MCCAULEY
Assistant United States Attorney
NY Bar No. 5600523
United States Attorney's Office
601 D Street NW
Washington, DC 20530
Sean.McCauley@usdoj.gov

*/s/ Brendan Ballou*___
BRENDAN BALLOU
DC Bar No. 241592
Special Counsel
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493
brendan.ballou-kelley@usdoj.gov