**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CASE NO. 21-CR-367 (RDM)** |
| | : | |
| **JALISE MIDDLETON, and** | : | |
| **MARK MIDDLETON,** | : | |
| | : | |
| **Defendants.** | : | |

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS

### Defendant's Objections to Government's Proposed Jury Instruction

COUNTS 1 and 2

"[A] conviction for any of the[] acts [listed in § 111(a)(1)] necessarily involves—at a minimum—simple assault.  Accordingly, assault is necessarily an element of any § 111(a)(1) conviction."  United States v. Wolfname, 835 F.3d 1214, 1218 (10th Cir. 2106).  Given this, we object to any use of the words "resist," "oppose," "impede, " "intimidate," or "interfere with" in any of their forms in the instructions for Counts 1 and 2.   While those words may be appropriate for instructions where a person has been charged under both § 111(a)(1) and §111(b), they have no relevance and just add confusion for instructions where the person has been charged under § 111(a)(1) alone.

COUNT 4

We object to the definition of "corruptly" on page 31.  The definitions should read:

To act "corruptly," the defendant must act with the intent to procure an unlawful benefit either for himself or for some other person.

1

This definition is from <u>United States v. Fischer</u>, 64 F.4th 329, 357 (D.C. Cir. 2023) (Walker, J., concurring).  In <u>Fischer</u>, the lead judge of a three-judge panel held that 18 U.S.C. § 1512(c)(2) "applies to all forms of corrupt obstructive conduct of an official proceeding, other than the conduct that is already covered by 18 U.S.C. § 1512(c)(1)."  64 F.4th at 336.  A dissenting judge, however, concluded that that § 1512(c)(2) only applies to conduct that, like the conduct covered § 1512(c)(1), impacts evidence.  <u>Id.</u> at 370  (Katsas, J., dissenting).  The third judge broke the tie, agreeing with the lead judge.  <u>Id.</u> at 351 (Walker, J., concurring).  However, the concurring judge only found that § 1512(c)(2) could be understood as having the broad reach that the lead judge gives it if the word "corruptly" at the beginning of § 1512(c) that provides the mens rea element for § 1512(c)(2) is understood to have a narrow meaning that effectively compensates for the fact that § 1512(c)(2) would otherwise be unconstitutionally overbroad in its reach—that is, only if "corruptly" is specifically understood to mean "act[ing] 'with an intent to procure an unlawful benefit either for [one]self or for some other person.'"  <u>Id.</u>  The concurring judge indicated that it is only because he gives "corruptly" this narrow meaning that he finds that § 1512(c)(2) can be understood as having the broad reach that the lead judge gives it. <u>Id.</u> at 362 & n.10.  The concurring judge expressly noted that, if he did not so find that "corruptly" has the specific and narrow meaning he assigns it, he would side with the dissent in finding that § 1512(c)(2) only applies to conduct that impacts evidence.  <u>Id</u>.  Given the above, it is submitted that the holding of <u>Fischer</u> is that, in order for § 1512(c)(2) to be understood as applying to conduct other than conduct that impacts evidence so that it can be said to reach the conduct that Mr. and Ms. Middleton are charged with, the word "corruptly" at the beginning of § 1512(c) must be understood as meaning "acting with an intent to procure an unlawful benefit either for [one]self or for some other person."

## COUNT 5

We believe the instructions for Count 5 are incomplete.  We believe the following should

be added to the instructions for Count 5:

> In order to find the defendants guilty, you must find that they knowingly entered or
> remained in a "restricted building or grounds."  Accordingly, you must find that they
> entered or remained in an area of a building or grounds that they 1) knew was posted,
> cordoned off, or otherwise restricted and 2) also knew was being visited or going
> to be visited by a person protected by the Secret Service.

This instruction reflects the understanding of the law as found by Judge Nichols in United States

v. Elizalde, 23-cr-170 (CNM), see Memorandum Opinion (ECF #39) and by Judge Lamberth in

United States v. Bingert, 21-cr-91 (RCL), see Note to Counsel (ECF #163).


## COUNT 6

We believe the instructions for Count 6 are incomplete.  We believe the following

instruction should be added to the instructions for Count 6:

> In order to find the defendants guilty, you must find that they engaged in disorderly or
> disruptive conduct knowing that they were in or in proximity to a "restricted building or
> grounds" at the time.  Accordingly, you must find that they engaged in disorderly or
> disruptive conduct in or in proximity to an area of a building or grounds that they 1)
> knew was posted, cordoned off, or otherwise restricted and 2) also knew was being
> visited or going to be visited by a by a person protected by the Secret Service.

Again, this instruction reflects the understanding of the law as found by Judge Nichols in United

States v. Elizalde, 23-cr-170 (CNM), see Memorandum Opinion (ECF #39) and by Judge

Lamberth in United States v. Bingert, 21-cr-91 (RCL), see Note to Counsel (ECF #163).


## COUNT 7

We believe the instructions for Count 7 are incomplete.  We believe the following

instruction should be added to the instructions for Count 7:

In order to find the defendants guilty, you must find that they engaged in physical violence knowing that they were in a "restricted building or grounds" at the time. Accordingly, you must find that they engaged in physical violence in an area of a building or grounds that they 1) knew was posted, cordoned off, or otherwise restricted and 2) also knew was being visited or going to be visited by a by a person protected by the Secret Service.

Again, this instruction reflects the understanding of the law as found by Judge Nichols in United States v. Elizalde, 23-cr-170 (CNM), see Memorandum Opinion (ECF #39) and by Judge Lamberth in United States v. Bingert, 21-cr-91 (RCL), see Note to Counsel (ECF #163).

COUNTS 8 and 9

For both Counts 8 and 9, we believe the instructions are incomplete.  We believe the following definition of "willfully" should be added to the instructions for both counts:

A person acts "willfully" if he acts with an evil-meaning mind and with knowledge that his conduct is unlawful.

This instruction is from Bryan v. United States, 524 U.S. 184, 193 (1998) and Morissette v. United States, 342 U.S. 246, 251 (1952).

**Defendant's Proposed Additional Jury Instructions**

SELF-DEFENSE AND DEFENSE OF THIRD PARTY[1]

We request that the following instructions be used:

A person can use force to defend himself or another person against the use of force by police officers if (1) the person has a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) he uses no more force than is reasonably necessary under the circumstances.

While police officers are allowed to use force to achieve lawful objectives, if they use more force than is necessary to achieve such objectives, their use of force can

---

[1] The government moved *in limine* to preclude Mr. or Mrs. Middleton from arguing that they were acting in self-defense or in defense of another. See ECF #86 at 20-23. Counsel for the government has informed the undersigned that they object to this instruction being given to the jury.

nevertheless be unlawful.  Accordingly, where a person reasonably believes that force is necessary to defend himself or another person against excessive police force, he may use force to defend himself or another person against that excessive force, provided that he uses no more force than is necessary.

The question is not whether looking back on the incident you believe that it was necessary for the person to use force.  The question is whether the person, under the circumstances that appeared to him at the time of the incident, actually believed that it was necessary for him to use force.

A person asserting self-defense or defense of another is not required to prove that he acted in self-defense or in defense of another.  Where evidence of self-defense or defense of another is present, the government must prove beyond a reasonable doubt that the person did not act in self-defense or in defense of another.  If you find the government has failed to prove beyond a reasonable doubt that the person did not act in self-defense or in defense of another, you must find the person not guilty.

Self-defense and defense of another are defenses to the charge of Assaulting, Resisting, of Impeding a Police Officer under 18 U.S.C. § 111(a), to the charge of Obstructing, Impeding, of Interfering with a Law Enforcement Officer during a Civil Disorder under 18 U.S.C. § 231(a)(3), and to the charge of Physical Violence in a Capitol Building or Grounds under 40 U.S.C. § 5104(e)(2)(F).

This instruction is based on United States v. Acosta-Sierra, 690 F.3d 1111, 1126 (9th Cir. 2012);

United States v. Urena 659 F.3d 903, 907 (9th Cir. 2006); Span v. United States, 970 F.2d 573,

577 (9th Cir.1992) United States v. Middleton, 690 F.2d 820, 826 (11th Cir. 1982).  It is also

based on Red Book instructions 9.500, 9.501, and 9.510.

Respectfully submitted,

_____/s/_____
Jerry Ray Smith, Jr.
D.C. Bar No. 448699
Counsel for Mark Middleton
717 D Street, N.W.
Suite 310
Washington, D.C. 20004
jerryraysmith@verizon.net
(202) 347-6101

_____/s/_____
Robert Jenkins
U.S. District Court Bar No. CO0003
Counsel for Jalise Middleton
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
RJenkins@BynumAndJenkinsLaw.com
(703) 309-0899