UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 1:21-CR-367 (RDM) |
| : | |
| JALISE MIDDLETON and : | |
| MARK MIDDLETON, : | |
| : | |
| Defendants. : | |

GOVERNMENT'S SURREPLY TO
DEFENDANTS' MOTION TO SUPRESS CELL PHONE EVIDENCE

On January 6, 2021, the defendants trespassed over the Capitol's restricted perimeter and attacked officers in an attempt to stop the certification of the presidential election. Throughout, the Middletons planned and documented their crimes on their cell phones, the evidence of which they now seek to suppress. ECF No. 99. Originally, they argued that the government failed to show that the phones were sufficiently "connect[ed]" to either the actions of January 6 or the Middletons themselves. *Id.* at 5-6. The government addressed these arguments in its opposition. ECF No. 107 at 2-4.

In their reply, the Middletons now raise a new argument: that the devices were not actually seized on the premises. Rather, they allege on "information and belief," that the phones were seized from the Middletons, off the premises, from their persons. ECF No. 108 at 4. Because the phones were not seized on the premises identified by the search warrant, according to the defendants, the seizures were improper.

The defendants' crucial mistake is that while the search warrant (filed under seal accompanying ECF No. 107 as Exhibit 2) describes the Middletons' residence as "Property to be searched," it separately identifies the Middletons' phones as subject to seizure. *See* ECF No. 107 Ex. 2 at 5 ("The SUBJECT PHONES consist of an AT&T Wireless phone assigned number

[(xxx) xxx]-3269, subscribed to MMiddleton, and an AT&T Wireless phone assigned number [(xxx) xxx]-9352 subscribed to JMiddleton."). These are the phones the defendants concede the government seized. ECF No. 99 at 1-2. The warrant doesn't say that the phones had to be at the Middletons' residence; it doesn't say that they had to be connected at all. It separately authorizes both the search of the residence, and of the phones. Nothing more is required.

Even if the phones had to be seized on the Middletons' residence, by the defendants' own description of events, Jalise Middleton's was. (Mark Middleton's phone, according to defendants, was seized on a public road). According to the defendants, Jalise Middleton was arrested, and her phone seized, while "standing in the yard outside of the two trailer homes." *Id.* The search warrant order describes the "Property to be searched" as including "two trailer homes located adjacent to one another on a rural lot, and a storage shed between the two trailer homes." ECF No. 107 Ex. 2 at 3. Courts that have considered the issue have, to the government's knowledge, uniformly concluded that a court's authorization to search the "premises" of a building also authorizes a search of the surrounding enclosed yard or "curtilage." *See Rutherford v. Cupp*, 508 F.2d 122, 122 (9th Cir. 1974) ("In this case, where the yard searched and the house located at 37 West Lowell St. were within a single fenced enclosure, the warrant's reference to 'premises' was sufficient to draw the officer's attention to the yard."); *Fine v. United States*, 207 F.2d 324, 325 (6th Cir. 1953) ("The warrant authorized search of the 'premises known as the Harve Fine residence' and of the 'place named.' These terms are broader than a mere description of the house and certainly include the curtilage."); *United States v. Brown*, 822 F.Supp. 750, 754 (M.D.Ga.1993), *aff'd*, 50 F.3d 1037 (11th Cir. 1995) ("a search warrant that authorizes intrusion on this greater area of privacy [a home] would include authorization for intrusion in the lesser area of privacy, the backyard"). The lawn between the Middletons' trailers would constitute

such curtilage, because of its proximity to the home, and the fenced enclosure surrounding it, visible in photos in the search warrant. *See United States v. Gorman*, 104 F.3d 272, 274 (9th Cir. 1996) (noting that factors in considering whether something is curtilage include "the area's proximity to the home," and "whether the area is included within an enclosure surrounding the home." (citing *United States v. Dunn*, 480 U.S. 294, 301 (1987)).

\* \* \*

The government validly seized the defendants' phones, and the evidence of their attack on the Capitol. The defense's initial arguments were unpersuasive, and should be rejected. For the reasons above, their new arguments should be rejected too.

                                              Respectfully submitted,

DATED: January 22, 2023                MATTHEW M. GRAVES
                                                              United States Attorney
                                                              D.C. Bar No. 481052

                                       By:     /s/ *Brendan Ballou*
                                                              Brendan Ballou
                                                              DC Bar No. 241592
                                                              Special Counsel
                                                              United States Attorney's Office
                                                               601 D Street NW
                                                              Washington, DC 20001
                                                             (202) 431-8493
                                                              brendan.ballou-kelley@usdoj.gov

                                                            /s/ Sean P. McCauley
                                                            Sean P. McCauley
                                                            NY Bar No. 5600523
                                                           Assistant United States Attorney
                                                           601 D Street NW
                                                           Washington, DC 20579
                                                           (202)252-1897
                                                           Sean.McCauley@usdoj.gov