UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 1:21-cr-00367 (RDM) |
| v.   : | |
| : | |
| MARK MIDDLETON & : | |
| JALISE MIDDLETON, : | |
| : | |
| Defendants.   : | |

**GOVERNMENT'S OPPOSITION TO THE DEFENDANTS'
MOTION TO FILE A RESPONSE TO THE COURT'S ORDER EX PARTE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendants' joint motion to respond to the Court's order *ex parte*. ECF 119. Per the Court's order, the defendants must file with the court a proffer as to their basis for asserting that the two identified Metropolitan Police Department officers used excessive force "such that the Defendants could plausibly be found to have been acting in self-defense when they committed the acts alleged in Counts One and Two of the Superseding Indictment." Minute Order (1/23/2024). For the reasons explained herein, the defendants should not be permitted to make their proffer *ex parte*.

First, in this district, it is common for defendants to file a notice of affirmative defenses in which they provide a proffer about the evidence that supports any claim of self-defense. *See United States v. Alberts*, 21-cr-26 (CRC), "Notice of Affirmative Defenses," ECF 121 at 3-4 ("Alberts will show at trial that some of his alleged conduct on Jan. 6, including the acts constituting the government's claims of 'assault,' occurred in circumstances where law enforcement officers were engaging in excessive force—justifying self-defense and defense of others."); *see also United States v. Thomas*, 21-cr-552 (DLF), "Notice of Affirmative Defenses," ECF 91 at 1-2 ("Thomas will show at trial that some of his alleged conduct on Jan. 6, 2021 including the acts constituting

1

the government's claims of 'assault,' occurred in circumstances where law enforcement officers were engaging in aggressive *excessive* force—justifying self-defense and defense of others."); *see also id.* at ECF 92, "Government's Motion to Strike Affirmative Defenses" (providing specific screenshots from body worn camera evidence which countered the defendant's claim of self-defense). Although the issue of whether the defendants were legally permitted to raise an affirmative self-defense claim was not briefed, it was also argued extensively in court in *United States v. Wren et al.*, 21-cr-599 (RBW). There is no reason to deviate from this common practice in this case.

Second, in this case in particular, there is no reason for a proffer of self-defense to be filed *ex parte*. That the defendants intend to make a claim of self defense in this case and even the specific factual contours of that defense have been well known to the government for months. In numerous publicly available interviews, which the government has reviewed and provided to the defense, both defendants have described in detail their claims of self-defense and excessive force. *See* ECF 112 at 2-4 (providing a sampling of quotes regarding the defendants' claims of self-defense).[1] Moreover, the government is very aware of the contents of the body worn camera evidence that has been disclosed to the defendants and, based upon its review of that evidence and

---

[1] "Me and Mark's side is facing the barricade. We are facing each other. Mark has his back to the barricade. We have our arms over each other's shoulders. Another fellow who we don't know comes around us, puts his arm around our shoulders, and starts praying with us. [...] Anyway, we are in prayer and I feel a hard hit on my hand. I pull my hand back and I look up to the police line and I see what I now know was [an MPD officer] hitting over Capitol Police. By the time I pulled my hand back I heard Mark yell out. Right around the same time, we realize that the other one is getting beat up by police. Mark is getting wailed on. He wrapped his arms around his neck. I immediately jumped in to stop him from hitting him. When I do, they grab my wrist and pull me over the barricade. Then the man who is praying with us reaches over and pulls us back. When he did, they pulled the barricades towards the crowd. At the time he gets me pulled back, one of the police officers hit us with pepper spray." Freedom Unchained, "Ep. 26 | Freedom Unchained | SWAT Team Arrest Angels | Mark & Jalise Middleton," *available at* https://rumble.com/v2keddo-ep-26-swat-team-arrests-angels-mark-and-jalise-middleton.html.

after hearing the defendants' specific factual claims regarding self-defense, has moved to preclude a self-defense argument in this case. *See* ECF 86 at 20-23. The government moved to preclude this defense because, as outlined in the government's prior filing, whether an instruction of self-defense or defense of others can be given to the jury is a legal determination that must be made by the court based upon the evidenced proffered to support such a claim. *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018); *United States v. Mumuni Saleh*, 946 F.3d 97, 110 (2d Cir. 2019); *United States v. Drapeau*, 644 F.3d 646, 653 (8th Cir. 2011); *see also United States v. Branch*, 91 F.3d 699, 714 (5th Cir. 1996) ("[Self-defense] principles must accommodate a citizen's duty to accede to lawful government power and the special protection due federal officials discharging official duties.").

The defendants have been telegraphing their intent to raise a claim of self-defense for months. They have, in more than a dozen public interviews, described the specific facts of their case, as well as their self-defense and excessive force claims. Considering the particular facts of this, there is no reason to deviate from the common practice in this district of litigating self-defense claims in public with a proffer by the defendants of the facts and evidence that give rise to their claim of self-defense.

**CONCLUSION**

Based on the above, the government respectfully requests that this Court deny the defendant's motion to file their proffer *ex parte*.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  */s/ Sean P. McCauley*
SEAN P. MCCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
601 D Street NW
Washington, DC 20530
Sean.McCauley@usdoj.gov

*/s/ Brendan Ballou*
BRENDAN BALLOU
DC Bar No. 241592
Special Counsel
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493
brendan.ballou-kelley@usdoj.gov