UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JALISE MIDDLETON, and<br>MARK MIDDLETON,<br><br>　　　　*Defendants*. | Criminal No. 21-367 (RDM) |

## [DRAFT] VOIR DIRE

Good morning and welcome to the United States District Court. I am Judge Moss, and I will be the presiding judge in this case. You have been called to this courtroom for possible selection in a criminal case entitled *United States v. Jalise Middleton* and *Mark Middleton*.

Would you all please stand so that the Deputy Clerk can swear you in, and then we will proceed.

The purpose of jury selection, which you will hear referred to as *voir dire*, is to select jurors who have no prior knowledge of the case and no bias toward either side in the case. In short, it is our aim to select a jury of twelve, with two alternates, that will reach a verdict based solely on the evidence presented in this courtroom and the law as I instruct you. During this process, you will be introduced to the participants in the trial, and I will ask you a series of questions

1

that the lawyers and I think will be helpful to us in selecting a fair and impartial jury. You, of course, are bound by the oath you've just taken to truthfully answer those questions.

This is a criminal case. The government has charged the defendants, Jalise Middleton and Mark Middleton, in a nine-count indictment relating to the events that occurred at the U.S. Capitol on January 6, 2021. Specifically, the government alleges (1) that they assaulted, resisted, or impeded Officer T.T., an officer of the Metropolitan Police Department; (2) that they assaulted, resisted or impeded Officer R.C., an officer of the Metropolitan Police Department; (3) that they obstructed, impeded, or interfered with Officers T.T. and R.C. during the commission of a civil disorder; (4) that they obstructed or aided and abetted others in obstructing an official proceeding, namely Congress's certification of the Electoral College vote; (5) that they entered or remained in a restricted building or grounds; (6) that they impeded or disrupted the orderly conduct of government business; (7) that they engaged in physical violence in a restricted building or grounds; (8) that they engaged in disorderly or disruptive conduct within the U.S. Capitol buildings or grounds; and (9) that they engaged in physical violence within the U.S. Capitol buildings or grounds. Jalise Middleton and Mark Middleton each deny every one of the charges against them.

You all should now have an index card and a pen or pencil. If you have not already done so, please write your juror number in the upper right-hand corner of your index card. I am now going to ask you a series of questions. They are all yes/no questions. If you have a "yes" answer to a particular question, please write the number of the question on your card. Don't write "yes" or why you have a "yes" answer; just write the number.

After I finish asking you all the questions, we will call you one by one to the witness stand. At that point, I will ask that you give your card to the Deputy Clerk. I will then ask you about your answers, and I will provide the lawyers with the opportunity briefly to follow up on our discussion.

Here are my questions:

## Eligibility

1. Do you no longer live in the District of Columbia?

## People Involved in the Proceedings

2. This is a criminal case entitled *United States v. Jalise Middleton* and *Mark Middleton*, 21-cr-367. The defendants are charged with offenses that I just described to you. Do you know or have you heard anything about this specific case?

3. The government in this case is represented by Assistant United States Attorney Sean McCauley and Trial Attorney Brendan Ballou. They are

3

assisted by their paralegal, Brianna Rummens.  The FBI case agent assigned to this case is Nicholas Shepard.  Do you know these individuals either personally or professionally?

4. The defendants in this case are Jalise Middleton and Mark Middleton.  They are both residents of Texas.  Do you or any of your relatives or friends know or know of Ms. Middleton or Mr. Middleton (or them both)?

5. Ms. Middleton is represented by Robert Lee Jenkins, Jr.  Mr. Middleton is represented by Jerry Ray Smith, Jr.  Do you know Mr. Jenkins or Mr. Smith either personally or professionally?

6. If I could ask that you all take a minute to look at the other potential jurors: do you recognize or think you know any of the other potential jurors in the panel?

7. During the presentation of evidence, you may hear testimony from or about the following persons: Captain Sean Patton; Inspector Lanelle Hawa; Special Agent Timothy Neylan; Sergeant Daniel Thau; Officer Rickie Chasten; Officer Chad Curtice; Office James Crisman; Officer Marvin Tyler; Officer Neil McAllister; Officer Tara Tindall; Officer Tyrone Toran; Officer Umit Yakub; Officer Alexander Farley; Officer

>      Ameer Sorrell; Officer Daniel Hodges.  Do you know any of these prospective witnesses or individuals?

8. The courtroom deputy is Glenda Walker, and my law clerks are Meghan Holloway, Jessica Levy, and Taylor Nicolas.  Do you know me or any member of my staff?

**<u>Presumption of Innocence</u>**

9. The government has the burden of proving that the Ms. Middleton and Mr. Middleton are guilty beyond a reasonable doubt, and Ms. Middleton and Mr. Middleton are each presumed innocent unless and until the government meets that burden.  This burden of proof never shifts to Ms. Middleton or Mr. Middleton, and because the defendant is presumed innocent, neither of them is required to offer any evidence.  Would you have any difficulty or hesitation with respecting this allocation of the burden of proof?

10. There has been an indictment in this case.  An indictment is not evidence of a crime.  It merely initiates a case and is a formal way of presenting the charges.  The indictment here informs Ms. Middleton, Mr. Middleton, the Court, and the members of the jury of the charges against each defendant.  Would the fact that an indictment charged Ms. Middleton and

      Mr. Middleton with a crime lead you to believe that he or she is guilty or make it difficult for you to apply the presumption of innocence?

11. Do you currently have an opinion regarding Ms. Middleton or Mr. Middleton's guilt or innocence in this case?

**<u>Case-Specific Questions</u>**

12. Do you have strong feelings about the nature of the charges in this case that would make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

13. Do you, any family member, or a close friend work in or near the U.S. Capitol?

14. Do you, any family member, or a close friend have any personal or professional connection to events that occurred at the U.S. Capitol on January 6, 2021?

15. A House Select Committee held hearings concerning the events at the U.S. Capitol on January 6, 2021. Did you closely follow the televised hearings of the House Select Committee investigating January 6? If so, will you have any difficulty putting aside any opinions you may have formed about those events, following the law as I explain it to you, and deciding the case in a fair and impartial manner based solely on the evidence presented in court?

16. No matter what you have heard or seen about events at the U.S. Capitol on January 6, 2021, and any opinions you might have formed about those events, would you have any difficult setting your opinions aside and deciding this case, which is brought against a single individual, in a fair and impartial manner based solely on the evidence presented in court?

17. Do you have any personal feelings or opinions about the outcome of the 2020 president election that you would have difficulty putting aside, following the law as I explain it to you, and deciding the case in a fair and impartial manner based solely on the evidence presented in court?

18. If you are selected as a juror in this case, I will instruct you to avoid all media coverage, including radio, television, podcasts, and social media, and not to use the internet with regard to this case for any purpose.  That is, you will be forbidden from reading newspaper articles about this case, listening to radio and podcast stories about this case, watching TV news about this case, googling this case, blogging or tweeting about this case, or reading or posting comments about this case on any social media sites. Do you have any doubt about your ability to follow this instruction?

**Experience with the Justice System**

19. Have you served previously on a grand jury or a trial jury in a criminal or civil case in any court?

20. Have you ever been a witness in any court case? Have you ever been a party to a court case?

21. Have you, a family member, or a close friend ever had any legal training, including paralegal training, or ever worked at a law office?

22. Have you, a family member, or a close friend ever worked for any of the following organizations:

    a. First, any type of federal, state, or local law enforcement agency, including the Metropolitan Police Department, the U.S. Marshals Service, the U.S. Capitol Police, the Park Police, the Metro Transit Police Department, the Secret Service, the Federal Bureau of Investigation, the Drug Enforcement Administration, or any state or local police department?

    b. Second, a local, state, or federal prosecutor's office such as the United States Attorney's Office, or a state's attorney or commonwealth attorney?

    c. Third, any public defender, or a private criminal defense office, including work as a private investigator?

    d. Fourth, any jail, prison, or other type of penal institution?

    e. Fifth, any courthouse or court system, including D.C. Superior Court, the U.S. District Court, as well as U.S. Pretrial Services, U.S.

        Probation or D.C.'s Court Services and Offender Supervision Agency?

23. Have you, a family member, or a close friend ever belonged to a group or organization that is active in law enforcement or crime prevention matters? Examples of such organizations include: Fraternal Order of Police, Crime Watch, Crime Stoppers, Orange Hats, or other organizations, including any groups on the Internet, that monitor or discuss crime.

**Opinions on the Criminal Justice System**

24. Do you have any strong opinions about criminal defendants, defense attorneys, or prosecutors that would make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

25. There may be testimony from police or other law enforcement officers in this case. Would you tend to believe or disbelieve their testimony—or find them more or less credible than other witnesses—simply because they are police or law enforcement officers?

26. Have you, a family member, or a close friend ever been detained by the police, arrested, or charged with a crime? Have you ever filed a complaint against a police officer or anyone in law enforcement?

27. Have you, a family member, or a close friend ever been a victim of or witness to a crime?

**Hardship and Catch-All**

28. Do you have any health problems that would interfere with your ability to sit as a juror in this case? Do you take medication that makes you drowsy or makes it difficult to remain alert during these proceedings? Do you have any problems with your hearing or eyesight?

29. Are you or is anyone with whom you live or with whom you need to have frequent contact at heightened risk of severe illness from COIVD-19?

30. Do you have any difficulty reading, speaking, or understanding English?

31. We expect the presentation of evidence in this trial to conclude on Friday, February 9, 2024. After the close of the evidence the jury will deliberate until it has reached a decision. Would serving as a juror in this case be an extreme hardship to anyone?

32. Do you have any personal beliefs that would make it difficult to follow the Court's legal instructions, whatever they may be?

33. To reach a verdict on a particular charge, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors, but you must

      also follow your own conscience and be personally satisfied with any verdict. Would you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

34.     My final question is what I call my "catch-all question." This asks whether there is any other reason that I haven't asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror. Perhaps you have a religious, moral, or philosophical reason that you believe would make it hard for you to be fair. In sum, is there some other reason that would make it difficult for you to sit as a fair and impartial juror in this case?

    Now, the Deputy Clerk will bring you to the witness stand one by one with your card. We will go over the information that you have listed and have a discussion with you about it. We will be starting on the right in the front row and just make our way through however many of you we need to talk to.

    If you need to use the facilities, you can go outside, and courthouse personnel can direct you to them. But please come back promptly. Do not wait around out in the hall. Certainly, do not leave this floor of the courthouse. Sometimes people stand outside the courtroom and start talking among themselves and it means that the deputy courtroom clerk has to go out and find you. And that takes time. So please come back into the courtroom promptly.

I would ask that you not speculate about the case. If you have information that you are going to be providing me, please do not discuss it with your fellow jurors so that you do not create problems for them by telling them something that may require that I excuse you and then may wind up requiring that I excuse them as well.

You may not conduct any independent investigation of the law or the facts in the case. This means that you cannot conduct any kind of research about this case—for example, researching any issue on the internet using your phone or another device, asking any questions of anyone via email or text, or otherwise communicating about or investigating the facts or law connected to the case. Similarly, you may not do any investigation about any of the attorneys, witnesses, or law enforcement personnel in this case. If a family member, friend, or colleague asks you about the case, you can say that you are being considered for service in a criminal case, but you may not say anything more. You may not discuss the case with anyone, including your fellow, prospective jurors.

You can talk among yourselves, get to know your fellow jurors. This is a good opportunity to do that. It is a nice cross-section of our community to be able to talk together; get to know your neighbors. I just ask that you not discuss the case.

If you do get up, please look at whoever is on either side of you and where you are—we put you in order according to the list so we know who you are—and I ask that you go back to the same seat when you return. That way, we do not take you out of order.

If you run into anyone associated with this case, please do not talk to them about anything. If you are seen talking to them, I will need to add that to my list of questions to make sure you are not talking about the case. You are not allowed to talk about the case. Again, if you are seen talking to counsel or others, even if you are not talking about the case, I still need to make an inquiry, and that takes a lot of extra time. We want you to come here without getting additional information from somebody else. If you are chosen as a juror, you will be required to make your decision based solely on the evidence that is going to be presented to you in the courtroom.

We will do this as quickly as we possibly can. I appreciate your patience.