# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JALISE MIDDLETON, and<br>MARK MIDDLETON,<br><br>*Defendants*. | Criminal No. 21-367 (RDM) |

## ORDER REGARDING TRIAL PROCEDURES

The parties are instructed to comply with the directives set forth below in the upcoming trial in this matter:

1. **Trial Schedule**. The trial will begin with jury selection on **Monday, February 5, 2024, at 9:00 a.m. in Courtroom 8.** Unless the parties are otherwise notified, the trial shall proceed from **9:00 a.m. to 12:30 p.m.** and **1:30 p.m. to 5:00 p.m.**, Monday through Friday, with a brief mid-morning and mid-afternoon recess. Counsel should be prepared to deliver their opening statements on Friday, February 5, 2024, promptly after the jury has been sworn and the Court has delivered the preliminary jury instructions.
   a. Opening statements shall not exceed 30 minutes per party. Any demonstrative exhibits to be used in opening statements must be cleared with counsel for the other side prior to **12:00 p.m. on February 2, 2024**, and if any party objects, such objections must be submitted to the Court for resolution by **9:00 a.m. on February 5, 2024**. Open statements should summarize the evidence that counsel, in good faith, expect to be adduced at trial and may not include extraneous matter, commentary, or argument.
   b. Immediately after opening statements, the government shall be prepared to call its first witness.
   c. Unless otherwise instructed by the Court, counsel should be present in the courtroom each morning at least thirty minutes before trial begins to address any preliminary matters. Proceedings before the jury will convene promptly at the designated time on each trial day to avoid keeping the jury waiting. Counsel must be in the courtroom at least 5 minutes before Court is scheduled to begin or resume after a recess.

2. **General Courtroom Rules**. In addition to exercising civility and professionalism at all times, counsel shall, unless leave is otherwise granted:
   a. examine witnesses from the lectern and refer to all individual parties and witnesses as "Mr." or "Ms." rather than by a first name or nickname;
   b. request permission before approaching a testifying witness;
   c. stand when raising objections and avoid speaking objections in front of the jury;
   d. stand when the jury is entering or leaving the courtroom;

  e. direct all statements for the record to the Court rather than to the opposing party.

3. **Jury Selection Process**. The jury selection process will occur as previously described to counsel. Counsel shall not disclose which seats have been designated for the alternate jurors.

4. **Technical Equipment**. Counsel needing technical assistance with courtroom equipment (*e.g.*, overhead projectors, video display monitors) must contact the Courtroom Technology Administrator of the Clerk's office at (202) 354-3218.

5. *Voir Dire* **Questions**. The *voir dire* questions that the Court intends to pose to the venire panel collectively are listed in an Attachment to this Order. Any objection not raised shall be waived.

6. **Motions or Objections During Trial**.
   a. **No evidentiary objections shall be argued in the presence of the jury.** Counsel must state clearly and succinctly the legal basis for any objection in a word or short phrase. A party may explain or amplify its objections on the record after the jury has been excused or using the audio equipment at counsels' table. If counsel plans to engage in a line of inquiry that requires judicial pre-approval, counsel may seek a "bench conference" using the audio equipment at counsels' table.

   b. **Bench conferences shall take place using the audio equipment at counsels' table.** Counsel should consider whether the issue counsel wishes to address at "the bench" can wait until the jury is excused for a recess.

7. **Witness Examination**.
   a. A party calling a witness must arrange for the witness's presence until cross-examination is completed. Failure to have a witness present for cross-examination is grounds for striking the witness's testimony. Except in extraordinary circumstances, the Court will not recess simply because a witness is unavailable.

   b. Counsel must avoid testifying in the form of questioning a witness. When using a document to refresh a witness's recollection, for example, counsel should show the document to the witness, ask the witness to review it and then to place it aside, and then ask the witness whether the document refreshed the witness's recollection. Counsel should not read the document to the witness or quote from the document merely to refresh the witness's recollection.

   c. After a non-defendant witness has been tendered for cross-examination and until the witness has been tendered back for redirect, counsel calling that witness (including law enforcement officers or investigators) to testify must have no further discussions with that witness concerning any aspect of the testimony already given or anticipated. For a defendant-witness, the Court refers the parties to the guidelines set forth in *United States v. McLaughlin*, 164 F.3d 1, 4–7 (D.C. Cir. 1998), *cert. denied*, 526 U.S. 1079 (1999).

   d. With the exception of the defendant and the parties' expert witnesses, all potential witnesses shall be excluded from the courtroom prior to their testimony, unless otherwise authorized by the Court. This prohibition does not apply, however, to

witnesses who are exempt from sequestration under Federal Rule of Evidence 615.

8. **Jury Instructions**.  If events during trial necessitate an immediate jury instruction, counsel requesting the instruction must provide the Court with the text of the proposed instruction; otherwise, the Court will consider the request waived.  If a party would like the instruction included in the Court's final instructions to the jury, that party bears the responsibility of making such a request to the Court before the charging conference.

9. **Juror Confidentiality**. The names and personal information of prospective and sitting jurors in any trial of this matter shall be kept confidential and not disclosed, except upon order of the Court.  *See* D.D.C. JURY SELECTION PLAN, § K.1, available at https://www.dcd.uscourts.gov/sites/dcd/files/JurySelectionPlanReviewed2015.pdf.  Counsel and the parties are cautioned that violation of this directive may result in contempt proceedings.

    **SO ORDERED.**

    /s/ Randolph D. Moss
    RANDOLPH D. MOSS
    United States District Judge

Date: January 31, 2024