**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>JALISE MIDDLETON, and<br>MARK MIDDLETON,<br><br>      *Defendants*. |

Criminal No. 21-367 (RDM)

**FINAL JURY INSTRUCTIONS**

**[DRAFT]**

## **PRELIMINARY REMARKS**

The time has now come when all of the evidence is in and you have heard the closing arguments of the lawyers.  We're about to enter your final duty in this case, which is to decide the issues of fact and to return a verdict.  It is up to me to instruct you on the law, and I ask you to listen carefully, just as you have throughout this trial.  Before we talk about the specific charges alleged here and some of the specific issues in the case, however, I want to take a few minutes to talk about some general rules of law.  Some of this may repeat what I told you in my preliminary instructions.

## **FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

To start, I will provide you with a copy of my instructions.  During your deliberations, you may, if you want, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole, and you may not follow some and ignore others.  If you have any questions about the instructions, you should feel free to send me a note.  Please return your instructions to me when your verdict is rendered.

## **FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you.  You should consider all the instructions as a whole.  You may not ignore or refuse to follow any of them.

## **FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnicity, nationality, gender, or any such trait. You must decide the case solely from a fair consideration of the evidence.

You shall not take anything that I may have said or done during trial as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

## <u>JURY'S RECOLLECTION CONTROLS</u>

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

## NOTETAKING BY JURORS

During the trial, I have permitted all jurors who wanted to do so to take notes.  You may take your notebooks with you to the jury room and use them during your deliberations if you wish.  As I told you at the beginning of the trial, your notes are only to be an aid to your memory.  They are not evidence in the case, and they should not replace your own memory of the evidence.  Those jurors who have not taken notes should rely on their own memory of the evidence.  The notes are intended to be for the notetaker's own personal use.

## **EVIDENCE IN THE CASE**

During your deliberations, you may consider only the evidence properly admitted in this trial.  The evidence in this case consists of the sworn testimony of the witnesses and the exhibits that were admitted into evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.  You should give any evidence such weight as in your judgment it is fairly entitled to receive.

## **STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

## **INDICTMENT IS NOT EVIDENCE**

The Indictment is merely the formal way of accusing a person of a crime. You must not consider the Indictment as evidence of any kind—you may not consider it as any evidence of either defendant's guilt or draw any inference of guilt from it.

## BURDEN OF PROOF—PRESUMPTION OF INNOCENCE

Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt.  This burden never shifts throughout the trial.  The law does not require the defendant to prove his innocence or to produce any evidence at all.  If you find that the government has proven beyond a reasonable doubt every element of an offense with which the defendant is charged, it is your duty to find him guilty of that offense.  On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

## REASONABLE DOUBT

The government has the burden of proving the defendants guilty beyond a reasonable doubt.  In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable.  This is a criminal case, however, and in criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.  Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case.  If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life.  However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason.  The government is not required to prove guilt beyond all doubt or to a mathematical or scientific certainty.  Its burden is to prove guilt beyond a reasonable doubt.

## <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

There are two types of evidence from which you may determine what the facts are in this case: direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

13

## **NATURE OF CHARGES**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict.  We asked you that question because you must not allow the nature of a charge to affect your verdict.  You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## <u>NUMBER OF WITNESSES</u>

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

## <u>INADMISSIBLE AND STRICKEN EVIDENCE</u>

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.  You must not hold such objections against the lawyer who made them or the party she or he represents.  It is the lawyers' responsibility to object to evidence that they believe is not admissible.  If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.  If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.  Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

## CREDIBILITY OF WITNESSES

In determining whether the government has proven the charges against a defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; and whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## POLICE OFFICER OR LAW ENFORCEMENT AGENT'S TESTIMONY

Testimony by a police officer or law enforcement agent should be evaluated by you just as any other evidence in the case.  In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because she or he is a police officer or law enforcement agent.

## DEFENDANT AS A WITNESS

A defendant has a right to become a witness in his or her own behalf.  His or her testimony should not be disbelieved merely because he or she is the defendant. In evaluating his or her testimony, however, you may consider the fact that the defendant has a keen interest in the outcome of this trial.  As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

***[If a defendant does not testify]***

You have heard [name] assert his/her Fifth Amendment privilege against self-incrimination.  The fact that the witness has asserted a privilege does not mean that she/he has done anything wrong.  I instruct you that you must not guess what she/he would have said if she/he had not invoked the privilege.  You may not in any way hold [name]'s assertion of the privilege against him/her.  In addition, you may not hold [name]'s assertion of the privilege against either the other defendant or the government.

## **PORTIONS OF EXHIBITS**

During the course of this trial, a number of exhibits were admitted in evidence.  Sometimes only portions of an exhibit were admitted, such as portions of a longer audio recording.  There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy.  As you examine the exhibits, you should consider only the portions that were admitted.  You should not guess as to what has been taken out or why, and you should not hold it against either party.  You are to decide the facts only from the evidence that is before you.

Some evidence was admitted only with respect to Jalise Middleton, and it was not admitted against Mark Middleton.  You may consider such evidence only with respect to Jalise Middleton.  You must not consider it in any way in your deliberations with respect to Mark Middleton.

## PROOF OF STATE OF MIND

Someone's intent ordinarily cannot be proved directly because there is no way of knowing what a person is actually thinking, but you may infer someone's intent from the surrounding circumstances. You may consider any statement made or acts done by the defendants and all other facts and circumstances received in evidence which indicate his or her intent.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he or she intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that a defendant acted with the necessary state of mind.

## **SUBSTANTIVE OFFENSES INTRODUCTORY REMARKS**

I would now like to talk with you about the specific offenses charged in this case.  The alleged crimes are charged in what are called counts.

Count One of the Indictment alleges that on January 6, 2021, Jalise Middleton and Mark Middleton forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer T.T., an officer from the Metropolitan Police Department, and the assault involved physical contact with Officer T.T. or the intent to commit another felony.

Count Two of the Indictment alleges that on January 6, 2021, Jalise Middleton and Mark Middleton forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer R.C., an officer from the Metropolitan Police Department, and the assault involved physical contact with Officer R.C. or the intent to commit another felony.

Count Three of the Indictment alleges that Jalise Middleton and Mark Middleton obstructed, or attempted to obstruct, Officers T.T. and R.C. during the commission of a civil disorder.

Count Four of the Indictment alleges that Jalise Middleton and Mark Middleton corruptly obstructed or aided and abetted others in obstructing an official proceeding, namely Congress's certification of the Electoral College vote.

Count Five of the Indictment alleges that Jalise Middleton and Mark Middleton knowingly entered or remained in a restricted building or grounds, specifically the U.S. Capitol Building or its Grounds where the Vice President and Vice President-elect were temporarily visiting.

Count Six of the Indictment alleges that Jalise Middleton and Mark Middleton knowingly and with intent to impede or disrupt the orderly conduct of Government business, engaged in disorderly or disruptive conduct in a restricted building or grounds, specifically the U.S. Capitol or its Grounds where the Vice President and Vice President-elect were temporarily visiting.

Count Seven of the Indictment alleges that Jalise Middleton and Mark Middleton knowingly engaged in physical violence in a restricted building or grounds, specifically the U.S. Capitol or its Grounds where the Vice President and Vice President-elect were temporarily visiting.

Count Eight of the Indictment alleges that Jalise Middleton and Mark Middleton willfully and knowingly engaged in disorderly or disruptive conduct within the U.S. Capitol Buildings or Grounds with the intent to disrupt the orderly conduct of a session of Congress.

Count Nine of the Indictment alleges that Jalise Middleton and Mark Middleton willfully and knowingly engaged in physical violence within the U.S. Capitol Buildings or Grounds.

## MULTIPLE COUNTS—MULTIPLE DEFENDANTS

Each count of the Indictment charges a separate crime against each of the defendants.  You must consider each crime and the evidence relating to it separately.  And you must consider the case of each defendant separately and individually.  If you find a defendant guilty of one crime, that must not affect your verdict for any other crime or the other defendant.

Each count of the Indictment charges a separate offense.  Moreover, each defendant is entitled to have the issue of his or her guilt as to each of the crimes for which he or she is on trial determined from his or her own conduct and from the evidence that applies to him or her as if he or she were being tried alone.  You should, therefore, consider separately each offense, and the evidence which applies to it, and you should return separate verdicts as to each count of the Indictment, as well as to each defendant.

The fact that you may find any one defendant guilty or not guilty on any one count of the Indictment should not influence your verdict with respect to any other count of the Indictment for that defendant.  Nor should it influence your verdict with respect to any other defendant as to that count or any other count in the Indictment.  Thus, you may find any one of the defendants guilty or not guilty on any one or more counts of the Indictment, and you may return different verdicts as to different defendants and as to different counts.  At any time during your

26

deliberations you may return your verdict of guilty or not guilty with respect to any defendant on any count.

I will now discuss with you the rules of law that govern whether the crimes charged have been proven beyond a reasonable doubt.

## COUNTS I & II

Counts One and Two of the Indictment charge both defendants with

violations of Section 111(a)(1) of Title 18 of the United States Code.  This statute

provides, in relevant part:

> Whoever forcibly assaults, resists, opposes, impedes, intimidates, or
> interferes with [a law enforcement officer] engaged in or on account
> of the performance of official duties, . . . where such acts involve
> physical contact with the victim of that assault or the intent to commit
> another felony . . .

shall be guilty of an offense against the United States.

## ELEMENTS OF THE OFFENSE—COUNT I

In order to find each defendant guilty of Count I, the government must prove the following elements beyond a reasonable doubt.

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer T.T., an officer from the Washington, D.C. Metropolitan Police Department.

Second, the defendant did so forcibly.

Third, the defendant did so voluntarily and intentionally.

Fourth, Officer T.T. was assisting officers or employees of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant either (1) made physical contact with Officer T.T. while assaulting Officer T.T., or (2) acted with the intent to commit another felony while assaulting, resisting, opposing, impeding, intimidating, or interfering with Officer T.T.  For the purposes of this element, "another felony" refers to the offenses charged in Counts Three and/or Four.

## ELEMENTS OF THE OFFENSE—COUNT II

In order to find each defendant guilty of Count II, the government must prove the following elements beyond a reasonable doubt.

<u>First</u>, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer R.C., an officer from the Washington, D.C. Metropolitan Police Department.

<u>Second</u>, the defendant did so forcibly.

<u>Third</u>, the defendant did so voluntarily and intentionally.

<u>Fourth</u>, Officer R.C. was assisting officers or employees of the United States who were then engaged in the performance of their official duties.

<u>Fifth</u>, the defendant either (1) made physical contact with Officer R.C. while assaulting Officer R.C., or (2) acted with the intent to commit another felony while assaulting, resisting, opposing, impeding, intimidating, or interfering with Officer R.C.  For the purposes of this element, "another felony" refers to the offenses charged in Counts Three and/or Four.

## **"FORCIBLY"**

A person acts "forcibly" if he or she uses force, attempts to use force, or threatens to use force against the officer.  Physical force or contact is sufficient but actual physical contact is not required.  You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly.  In such case, the threat must be a present one.

## **"ASSAULT"**

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so.  To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury.  Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.

## **KNOWLEDGE OF OFFICER**

It is not necessary to show that each defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, assisting a federal officer acting in the course of his duty and that each defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

## COUNT III

Count Three of the Indictment charges both defendants with violating or attempting to violate Section 231(a)(3) of Title 18 of the United States Code.  This statute provides, in relevant part:

> Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any . . . law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function . . .

shall be guilty of an offense against the United States.

First, I will explain the elements of the substantive offense, along with its associated definitions.  Then, I will explain how to determine whether each defendant attempted the offense.

## ELEMENTS OF THE OFFENSE

In order to find each defendant guilty of Count III, the government must prove the following elements beyond a reasonable doubt.

<u>First</u>, the defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with Officers T.T. and/or R.C.

<u>Second</u>, at the time of the defendant's actual act, Officers T.T. and/or R.C. were law enforcement officers engaged in the lawful performance of their official duties incident to and during a civil disorder.

<u>Third</u>, the civil disorder in any way or degree obstructed, delayed, or adversely affected either (1) commerce or the movement of any article or commodity in commerce, or (2) the conduct or performance of any federally protected function.

## **"CIVIL DISORDER"**

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

## **"COMMERCE"**

The term "commerce" means commerce between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.

## **"FEDERALLY PROTECTED FUNCTION"**

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.  The term "department" includes the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service).  The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.  The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.

## **"KNOWINGLY"**

A person acts "knowingly" if he or she realizes what he or she is doing and is aware of the nature of his or her conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

**<u>ATTEMPT</u>**

In Count Three, the defendants are also both charged with attempt to commit the crime of obstructing, impeding, or interfering with Officers T.T. and/or R.C. incident to and during a civil disorder.  An attempt to obstruct officers during a civil disorder is a crime even if the defendant did not actually complete the crime. In order to find a defendant guilty of attempt to commit obstructing officers during a civil disorder you must find that the government proved beyond a reasonable doubt each of the following elements as to that defendant:

<u>First</u>, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

<u>Second</u>, that the defendant took a substantial step toward obstructing Officer T.T. or R.C. during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to obstruct officers during a civil disorder merely because the defendant thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to obstruct officers during a civil disorder merely because the

defendant made some plans to or some preparation for committing that crime.

Instead, you must find that the defendant took some firm, clear, undeniable action

to accomplish his or her intent to commit obstruction of officers during a civil

disorder.  The substantial step element does not, however, require that the

government prove that the defendant did everything except the last act necessary to

complete the crime.

**<u>ALTERNATIVE MEANS OF PROOF</u>**

A defendant may be found guilty of the offense charged in Count Three if he or she obstructed officers during a civil disorder or attempted to obstruct officers during a civil disorder.  Both of these ways of committing the offense are described in the instructions that I have given you.  If you find beyond a reasonable doubt that a defendant committed the offense of obstructing officers during a civil disorder in either of these two ways, you should find that defendant guilty of Count Three, and you need not consider whether that defendant committed the offense of obstructing officers during a civil disorder in the other way.

## **COUNT IV**

Count Four of the Indictment charges both defendants with violating or attempting to violate Section 1512(c)(2) of Title 18 of the United States Code. This statute provides, in relevant part:

> Whoever corruptly . . . obstructs, influences, or impedes any official proceeding, or attempts to do so. . .

shall be guilty of an offense against the United States.

First, I will explain the elements of the substantive offense, along with its associated definitions.  Then, I will explain how to determine whether each defendant attempted and/or aided and abetted the offense.

## ELEMENTS OF THE OFFENSE

In order to find each defendant guilty of Count IV, the government must prove the following elements beyond a reasonable doubt.

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his or her conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

## **"OBSTRUCT OR IMPEDE AN OFFICIAL PROCEEDING"**

To "obstruct" or "impede" means to block, interfere with, or slow the progress of an official proceeding.

Congress's Joint Session to certify the Electoral College vote on January 6, 2021, was an "official proceeding." The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.

## **"KNOWINGLY"**

A person acts "knowingly" if he or she realizes what he or she is doing and is aware of the nature of his or her conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

## **"CORRUPTLY"**

To act "corruptly," the defendant must use independently unlawful means or act with an unlawful purpose, or both.  The defendant must also act with "consciousness of wrongdoing."  "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.  For example, a witness in a court proceeding may refuse to testify by invoking his or her constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but that person does not act corruptly.  In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.  One way of acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person.

While the defendant must act with intent to obstruct the official proceeding, this need not be his or her sole purpose.  A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his or her conduct.

## **MIXED OR DUAL INTENT**

A person may act with more than one intent.  For example, a person paying bribes to an elected official may have the intent both to cultivate friendship with the official and to illegally influence official acts that the person wants the official to take.  You may find that the defendant acted with corrupt intent even if you also find the defendant acted, in part, for legitimate reasons, if you also find that he used unlawful means or acted with an unlawful purpose, or both.

# **ATTEMPT**

In Count Four, the defendants are also charged with attempt to commit the crime of obstructing an official proceeding.  An attempt to obstruct an official proceeding is a crime even if the defendants did not actually complete the crime.

In order to find a defendant guilty of attempt to commit obstruct an official proceeding you must find that the government proved beyond a reasonable doubt each of the following elements as to that defendant:

First, that the defendant intended to commit the crime of obstructing an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward obstructing an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to obstruct an official proceeding merely because the defendant thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to obstruct an official proceeding merely because the defendant made some plans to or some preparation for committing that crime.  Instead, you

49

must find that the defendant took some firm, clear, undeniable action to

accomplish his or her intent to commit obstruction of an official proceeding.  The

substantial step element does not, however, require that the government prove that

the defendant did everything except the last act necessary to complete the crime.

## AIDING AND ABETTING

The government further alleges that both defendants committed obstruction of an official proceeding, as charged in Count Four, by aiding and abetting others in committing this offense.  This is not a separate offense but merely another way in which the government alleges that the defendants committed the offense charged in Count Four.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal.  It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find a defendant guilty of obstruction of an official proceeding because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements as to that defendant:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant that, in some way, aided, assisted, facilitated, or encouraged others to commit the offense. The defendant's act or acts need not aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated

with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstruction of an official proceeding as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

## ALTERNATIVE MEANS OF PROOF

A defendant may be found guilty of the offense charged in Count Four if he or she obstructed an official proceeding, attempted to obstruct an official proceeding, or aided and abetted obstruction of an official proceeding.  Each of these three ways of committing the offense is described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of an official proceeding in any one of these three ways, you should find the defendant guilty of Count Four, and you need not consider whether the defendant committed the offense of obstruction of an official proceeding in the other two ways.

## <u>COUNT V</u>

Count Five of the Indictment charges both defendants with violations of Section 1752(a)(1) of Title 18 of the United States Code.  This statute provides, in relevant part:

> Whoever knowingly enters or remains in any restricted building or grounds without lawful authority to do so. . .

shall be guilty of an offense against the United States.

## ELEMENTS OF THE OFFENSE

In order to find each defendant guilty of Count V, the government must prove the following elements beyond a reasonable doubt.

<u>First</u>, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

<u>Second,</u> the defendant did so knowingly.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

That is, in order to find each defendant guilty, you must find that they entered or remained in an area of a building or grounds that they (1) knew was posted, cordoned off, or otherwise restricted and (2) also knew was being visited or going to be visited by a person protected by the Secret Service.

## <u>COUNT VI</u>

Count Six of the Indictment charges both defendants with violations of

Section 1752(a)(2) of Title 18 of the United States Code.  This statute provides, in

relevant part:

> Whoever knowingly, and with intent to impede or disrupt the orderly
> conduct of Government business or official functions, engages in
> disorderly or disruptive conduct in, or within such proximity to, any
> restricted building or grounds when, or so that, such conduct, in fact,
> impedes or disrupts the orderly conduct of Government business or
> official functions. . .

shall be guilty of an offense against the United States.

## ELEMENTS OF THE OFFENSE

In order to find each defendant guilty of Count VI, the government must prove the following elements beyond a reasonable doubt.

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or ground.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, their conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

That is, in order to find each defendant guilty, you must find that they entered or remained in an area of a building or grounds that they (1) knew was posted, cordoned off, or otherwise restricted and (2) also knew was being visited or going to be visited by a person protected by the Secret Service.

58

## **"DISORDERLY" OR "DISRUPTIVE" CONDUCT**

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.  Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

## <u>COUNT VII</u>

Count Seven of the Indictment charges both defendants with violations of Section 1752(a)(4) of Title 18 of the United States Code.  This statute provides, in relevant part:

> Whoever knowingly engages in any act of physical violence against any person or property in any restricted building or grounds . . .

shall be guilty of an offense against the United States.

## ELEMENTS OF THE OFFENSE

In order to find each defendant guilty of Count VII, the government must prove the following elements beyond a reasonable doubt.

First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, any restricted building or ground.

Second, the defendant did so knowingly.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

That is, in order to find each defendant guilty, you must find that they entered or remained in an area of a building or grounds that they (1) knew was posted, cordoned off, or otherwise restricted and (2) also knew was being visited or going to be visited by a person protected by the Secret Service.

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

## <u>COUNT VIII</u>

Count Eight of the Indictment charges both defendants with violations of

Section 5104(e)(2)(D) of Title 40 of the United States Code.  This statute provides,

in relevant part:

> An individual or group of individuals may not willfully and
> knowingly . . . utter loud, threatening, or abusive language, or
> engage in disorderly or disruptive conduct, at any place in the
> Grounds or in any of the Capitol Buildings with the intent to impede,
> disrupt, or disturb the orderly conduct of a session of Congress or
> either House of Congress, or the orderly conduct in that building of
> a hearing before, or any deliberations of, a committee of Congress or
> either House of Congress . . . .

## ELEMENTS OF THE OFFENSE

In order to find each defendant guilty of Count VIII, the government must prove the following elements beyond a reasonable doubt.

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant did so willfully and knowingly.

The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia, which is attached as Exhibit A.  The boundaries of the Capitol Grounds include all additions added by law after that map was recorded.  The Capitol Grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest.

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Six, that is, "disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.  Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of

others, or is unreasonably loud and disruptive under the circumstances.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the

normal course of a process.

      For purposes of this offense, "the orderly conduct of a session of Congress

or either House of Congress" includes the actions of Congress' Joint Session to

certify the Electoral College vote.

      The term "knowingly" has the same meaning described in the instructions

for Count Four, that is a person acts "knowingly" if he or she realizes what he or

she is doing and is aware of the nature of his or her conduct, and does not act

through ignorance, mistake, or accident.  In deciding whether the defendant acted

knowingly, you may consider all of the evidence, including what the defendant did,

said, or perceived.

## **"WILLFULLY"**

A person acts "willfully" if he acts with knowledge that his conduct is unlawful.

# COUNT IX

Count Nine of the Indictment charges both defendants with violations of

Section 5104(e)(2)(F) of Title 40 of the United States Code.  This statute provides,

in relevant part:

> An individual or group of individuals may not willfully and knowingly . . . engage in an act of physical violence in the Grounds or any of the Capitol Buildings . . . .

## ELEMENTS OF THE OFFENSE

In order to find each defendant guilty of Count IX, the government must prove the following elements beyond a reasonable doubt.

First, the defendant engaged in an act of physical violence within the Capitol Buildings or Grounds.

Second, the defendant did so willfully and knowingly.

The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia, which is attached as Exhibit A.  The boundaries of the Capitol Grounds include all additions added by law after that map was recorded.  The Capitol Grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest.

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or involving damage to, or destruction of, real or personal property

The term "knowingly" has the same meaning described in the instructions for Count Four, that is a person acts "knowingly" if he or she realizes what he or she is doing and is aware of the nature of his or her conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted

knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

## SELF-DEFENSE AGAINST POLICE OFFICERS

Jalise Middleton and Mark Middleton maintain that they are not guilty of assaulting, resisting, or impeding a police officer in violation of 18 U.S.C. § 111(a) (counts one and two); obstructing, impeding, or interfering with a law enforcement officer during a civil disorder in violation of 18 U.S.C. § 231(a)(3) (count three); engaging in physical violence in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(4) (count seven); and engaging in physical violence in a Capitol Building or Grounds in violation of 40 U.S.C. § 5104(e)(2)(F) (count nine) because they acted in self-defense or defense of another.

Police officers are entitled to use reasonable force to protect the peace, to detain suspects, and to effectuate arrests. They may not, however, use force that is unreasonable. Unreasonable force is force that exceeds the objective need to use such force. Whether an officer's actions were objectively reasonable must be judged in light of the facts and circumstances confronting the officer, which is a question that must be answered from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The calculus of reasonableness must embody an allowance for the fact that police officers are often forced to make split-second judgements—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force necessary in a particular situation. If police officers use objectively unreasonable force to achieve

their objectives, then their use of force can be unlawful.

A person can use force to defend himself or another person against the use of force by a police officer if (1) the person has an objectively reasonable belief that his or her use of force was necessary to defend him or herself or another person against the immediate use of unlawful force by the officer and (2) the person uses no more force than is reasonably necessary under the circumstances.

A person asserting self-defense or defense of another is not required to prove that he acted in self-defense or in defense of another. The government must prove beyond a reasonable doubt that the person did not act in self-defense or in defense of another.

## **UNANIMITY**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict.  In other words, your verdict on each count must be unanimous.

## **VERDICT FORM EXPLANATION**

You will be provided with a Verdict Form for use when you have concluded your deliberations.  The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt.  The form is meant only to assist you in recording your verdict.

## **EXHIBITS DURING DELIBERATIONS**

I will be sending into the jury room with you the exhibits that have been admitted into evidence.  You may examine any or all of them as you consider your verdicts.  Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

## SELECTION OF FOREPERSON

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## **POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way.  The duty of imposing sentence in the event of a conviction rests exclusively with me.  Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

## **PUBLICITY, COMMUNICATION, AND RESEARCH**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case.  If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it.  You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom.  If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else.  Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial and throughout the trial.  During deliberations, you may not communicate with anyone not on the jury about this case.  This includes any electronic communication such as email or text or any blogging about the case.

In addition, you may not conduct any independent investigation of any kind during deliberations.  This means you may not conduct any research in person or electronically via the internet or in another way.

## <u>COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

## <u>ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS</u>

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance.  It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict.  When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case.  Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room.  Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed.  Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## EXCUSING ALTERNATE JURORS

The last thing I must do before you begin your deliberations is to excuse the alternate jurors.  As I told you before, the selection of alternates was an entirely random process; it's nothing personal.  We selected two seats to be the alternate seats before any of you entered the courtroom.  Since all of you have remained healthy and attentive, I can now excuse the two alternate jurors in seats [insert].

Before you leave, I am going to ask you to tear out a page from your notebook and to write down your name and daytime phone number and hand it to the clerk.  I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror.  Since that possibly exists, I am also going to instruct you not to discuss the case with anyone until we call you.  My earlier instruction on the use of the Internet still applies; do not research the case or communicate about it on the Internet.  In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury.  Thank you very much for your service, and if you have not already done so, please turn your badge in to the Deputy Clerk.

## **CLOSING REMARKS**

I'm now going to excuse you to meet briefly with the Deputy Clerk, and then to begin your deliberations.  You may take your notebooks with you if you wish.  You will receive the instructions I have given you, the verdict form, and all the exhibits.  Thank you again for your attention and service.  As soon as you receive your copy of the instructions from the Deputy Clerk, you may begin deliberating.

## Exhibit A

