UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 21-cr-367 (RDM) |
| | : | |
| JALISE MIDDLETON & | : | |
| MARK MIDDLETON, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S NOTICE OF ADDITIONAL AUTHORITIES
REGARDING THE MENS REA REQUIRED UNDER 18 U.S.C. § 1752**

The United States by and through its attorney, the United States Attorney for the District of Columbia, hereby provides the attached briefing—which was filed last week in *United States v. Irwin et al.*, No. 1:21-cr-589-RDM, ECF No. 102 (Jan. 29, 2024)—addressing an issue raised by the Court earlier today: whether, to prove the defendants' guilt under 18 U.S.C. §§ 1752(a)(1) and (2), the government is required to show not only that the defendants knew that they were in an area that was "posted, cordoned off, or otherwise restricted," but also that they knew that "the President or other person protected by the Secret Service [wa]s or w[ould] be temporarily visiting" the relevant building or grounds, § 1752(c)(1), (c)(1)(B). The answer is no.

As explained in the attached briefing, it is well-settled that, "[b]ecause jurisdictional elements normally have nothing to do with the wrongfulness of the defendant's conduct, such elements are not subject to the presumption in favor of scienter." *Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019). Here, the federal-protectee element of Section 1752—*i.e.*, the requirement that "the President or other person protected by the Secret Service [wa]s or w[ould] be temporarily visiting" the area—is jurisdictional. The Supreme Court's decision in *United States v. Feola*, 420 U.S. 671 (1975), which declined to extend a mens rea requirement to the federal-nexus requirement presented in that case, makes that clear. Indeed, as Judge Cooper recently concluded in *United*

*States v. Groseclose*, a court considering Section 1752 "as it stood when first enacted as part of the Omnibus Crime Control Act of 1970, Pub. L. No. 91-644, 84 Stat. 1880, 1891-1892 (1971), . . . would be hard-pressed to see meaningful daylight between *Feola*" and the present case. *United States v. Groseclose*, No. 1:21-cr-311-CRC, ECF No. 99, at 16 (Jan. 5, 2024). That is because Section 111 (the statute at issue in *Feola*) and Section 1752 were enacted at least in part to ensure uniformity of enforcement, the main factor considered by *Feola* to determine whether an element is jurisdictional.

To be sure, *Groseclose* ultimately concluded that, when Congress later amended Section 1752 in 2006 by increasing the penalty for a violation from six months to one year, "Congress seems to have reconceptualized § 1752 and created a different sort of federal crime." *Id.* at 18. That last turn, however, was wrong. That "reconceptualiz[ation]" theory—which infers a major change in the statute's mens rea requirement from Congress' modest amendments to the applicable statutory maximum and little else—misconstrues both the *Feola* inquiry (which largely disregarded the statute's penalties) and the 2006 amendments. It also strains credulity. Had Congress wanted to change the statute's mens rea, it would have done so explicitly, just as it did with other amendments introduced in 2006, and as it did with the 2012 amendments. It did not. Against this backdrop, and as explained in more detail in the attached briefing, *Groseclose*'s conclusion that a minor penalty enhancement—whose justification makes no mention of a change to mens rea—nonetheless "reconceptualized" the statute and obliquely and dramatically amended its mens rea requirement is unsupported.[1] The correct conclusion is that the federal-protectee requirement remains a jurisdictional one, just as it was when the statute was enacted.

---

[1] The practical implications of the "reconceptualiz[ation]" inferred by *Groseclose* cannot be overstated. As of this filing, the government has charged over 1,200 individuals with violating Section 1752 on January 6, 2021, in addition to prosecutions stemming from violations on other

\* \* \*

                    Respectfully submitted,

                    MATTHEW M. GRAVES
                    United States Attorney
                    D.C. Bar No. 481052

By:    *s/ Sean P. McCauley*
            SEAN P. McCAULEY
            Assistant United States Attorney
            New York Bar No. 5600523
            United States Attorney's Office
            For the District of Columbia
            601 D Street, NW
            Washington, DC 20530
            Sean.McCauley@usdoj.gov

            */s/ Brendan Ballou*
            Brendan Ballou
            DC Bar No. 241592
            Special Counsel
            United States Attorney's Office
            601 D Street NW
            Washington, DC 20001
            (202) 431-8493
            brendan.ballou-kelley@usdoj.gov

---

dates. Requiring the government to prove a heightened level of knowledge for these misdemeanor convictions could, depending on the procedural posture, jeopardize those prosecutions. It could also significantly curtail enforcement in the future.