UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No.: 21-cr-367 (RDM) |
| v. : | |
| : | |
| JALISE MIDDLETON, : | |
| : | |
| Defendant. : | |

OPPOSITION TO DEFENDANT'S
MOTION TO MODIFY CONDITIONS OF RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's request to modify her release conditions to travel to and then stay in Wyoming. ECF 139. On February 13, 2024, the defendant was convicted by a jury of all charges on a nine-count indictment, including four felonies, and now faces potential lengthy period of incarceration. Following her conviction, the government moved to have the defendant and her codefendant detained pending sentencing pursuant to 18 U.S.C. § 3143. The Court denied the government's request for pre-sentencing detention but did place the defendant on home confinement with location monitoring. In making its decision about pre-sentencing incarceration, this Court described its decision on this matter as "a very close call." Sentencing is set for May 24, 2024. The defendant has now requested to travel to Wyoming, where she hopes to remain on pretrial release as she lives with and supports her daughter. ECF 139. Although the United States is sympathetic to the defendant's daughter's needs, it opposes the defense motion because this request represents a decrease in the defendant's level of supervision while also imposing a greater burden on those supervising her.

As part of its effort to place the defendant on location monitoring, Pretrial Services informed the court that, due to the rural location of the defendant's residence, a GPS ankle monitor

was not a viable solution. So that the defendant could have her location monitored through radio frequency technology she was required to install a second phone line in her residence. With this phone-based monitoring in place to enforce her conditions of release, the defendant is confined to her residence 24-hours a day except for certain designated exceptions. ECF 130 at 2; ECF 131 at 2-3. Her conditions were later modified to permit monitoring through voice recognition technology in addition to radio frequency. ECF 138.

As Pretrial Services made clear to the Court and the government as it was crafting the defendant's post-conviction conditions of release, location monitoring through GPS ankle is difficult in rural regions due to the unreliability of the GPS signal. For this reason, the court ordered that the defendant's home be fitted with the electronic infrastructure to enforce her home detention. The defendant's approximately 1,000-mile drive would take her through some of the most remote and rural regions of the United States.[1] During this drive, it would likely be extremely difficult if not impossible to monitor the defendant's location, which—as the court made clear in its decision not to detain her pending sentencing—is essential to ensure both the safety of the community and to secure her return before this court, where she faces a potential sentence of many months following her conviction. See 18 U.S.C. § 3142(e).

Moreover, Pretrial Services has not screened the defendant's daughter's home. At this time, there is no way of knowing if her daughter's residence could be fitted with the technology that has been installed in the defendant's residence to monitor her location. It is also unlikely that, based on the rural nature of Douglas, Wyoming, a GPS monitor would work in this region. Her

---

[1] The defendant's possible driving route for her approximately 1,000-mile trip from Forestburg, Texas, to Douglas, Wyoming, would take her through the Texas and Oklahoma panhandles, the northwesternmost corner of New Mexico, eastern Colorado, and southeastern Wyoming. An alternative route would take her through central Oklahoma and western Kansas.

daughter's home has also not been screened for firearms or other weapons that would place the defendant in violation of her conditions of release. ECF 130 and 131.

Pursuant to 18 U.S.C. § 3143(a)(1), "the judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence […] unless the judicial officers find by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. §3142(b) or (c)" (emphasis added). In other words, there is a rebuttable presumption that a person who has been convicted of a crime and faces a period of incarceration shall be incarcerated while she awaits sentence. The defendant in this case is not incarcerated but is on 24-hour home detention while she awaits sentencing. To modify her conditions of release at this stage of a proceeding, the defendant bears the burden of showing, by clear and convincing evidence, that she is not a danger to the community or a flight risk. *Id.*

In this case, the defendant has not met her burden. The defendant has been convicted by a jury of her peers of multiple federal crimes, including obstruction of an official proceeding, two felony counts of assault on a law enforcement officers, civil disorder, and engaging in physical violence on Capitol grounds. During her trial, she took to the stand and, based on her subsequent conviction on all counts, made statements that the jurors did not credit. If the court were to grant her request to travel, she would be travelling in areas where it would be difficult or impossible to monitor her location or activities in a way that is consistent with her current 24-hour monitoring as ordered by this Court. Moreover, she has also been convicted of multiple offenses involving assault, physical violence, and resisting the lawful orders of police officers, she and should therefore not be permitted to travel to a location that has not been cleared of weapons or firearms because her access to those weapons would pose a danger to the community.

If the Court had ordered that the defendant be incarcerated following her conviction while she was awaiting sentencing, the government would oppose this request. That she is on house arrest rather than incarcerated while she awaits sentencing does not change the law or the analysis. The defendant's request should be denied and her conditions of release should remain in place as set forth in the court's existing orders. ECF 130; ECF 131; ECF 138.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    *s/ Sean P. McCauley*
SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov

*/s/ Brendan Ballou*
Brendan Ballou
DC Bar No. 241592
Special Counsel
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493
brendan.ballou-kelley@usdoj.gov