UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  v.<br><br>JALISE MIDDLETON, and<br>MARK MIDDLETON,<br><br>  *Defendants*. | Criminal Action No. 21-367 (RDM) |

## ORDER

Now before the Court is Defendants' emergency joint motion for an extension of time to report to the Bureau of Prisons ("BOP") to serve their sentences, Dkt. 199, and the government's opposition, Dkt. 201. Defendants filed their emergency motion at approximately 2:45 p.m. on December 9, 2024. The motion explains that Ms. Middleton had a knee surgery scheduled for the following day, December 10, 2024, at 6:30 a.m.—that is, less than sixteen hours after filing their motion. In light of Ms. Middleton's anticipated surgery, Defendants request "a short continuance on the date in which they are to report to BOP to start serving their sentences." *Id.* at 1. For the reasons explained below, the Court will deny Defendants' motion.

Defendants were charged with various offenses in connection with their conduct during the January 6, 2024 assault on the U.S. Capitol and were convicted on all counts on February 13, 2024. Dkt. 134. After several continuances, the Court sentenced Defendants on October 22, 2024. At sentencing, the government moved to take Defendants immediately into custody, pursuant to 18 U.S.C. § 3143(a). Dkt. 198 at 185. The Court denied that motion, and granted Defendants' request to self-surrender, in part to provide them some time "to get their affairs in

order." *Id.* at 190.  Defendants were later directed to surrender to the BOP on December 17, 2024, to commence their sentences.

On December 9, 2024, Defendants filed an emergency motion to continue the date of their self-surrender on the ground that Ms. Middleton was scheduled for knee surgery on December 10, 2024.  Defendants asserted that Ms. Middleton will not be able to walk following her surgery and that Mr. Middleton will need to care for her.  The government filed an opposition several hours later, Dkt. 201, and the Court held a hearing by Zoom (with the consent of Defendants) at 5:00 p.m. that same day, Min. Order (Dec. 9, 2024).

The Court is unpersuaded that any legitimate basis exists to continue Defendants' surrender date.  To start, Defendants conceded at the hearing that it was far from certain that Ms. Middleton's doctors were, in fact, prepared to proceed with the surgery today.  As Ms. Middleton explained, her cardiologist has concluded that she needs a cardio CT scan before the surgery and that procedure has not yet been scheduled.  Hr'g Tr. 2–3 (Dec. 9, 2024).  But even more importantly, Ms. Middleton explained that she has been aware of her need for knee surgery since 2022.  Although Ms. Middleton stated that her condition worsened in the last two weeks, her knee has been problem for years, yet she waited until a week before her surrender date to schedule the long-required surgery.  Among other things, on October 22, 2024, the Court allowed Defendants to self-surrender in order to get their affairs in order, and, to the extent necessary (and urgent), knee surgery would seem to qualify as such an endeavor.  Had Ms. Middleton taken advantage of this opportunity, she could have had the surgery many weeks—as

opposed to days—before her surrender date.  The Court finds that Defendants explanation for why Ms. Middleton waited is implausible.[1]

But assuming that Ms. Middleton could not have scheduled her surgery earlier—and, as explained above, there is no basis for such an assumption—proceeding with the surgery as scheduled would not prevent her from surrendering to the BOP on the scheduled surrender date.  Defendants assert that Ms. Middleton "will not be able to care for herself or walk without aid" during her recovery, Dkt. 199 at 1, and that she will be "wheelchair bound" as she recovers, *id.*  That, however, does not preclude her from surrendering as scheduled.  To the contrary, numerous inmates serve their sentences in wheelchairs, or suffer from other health conditions that prevent them from caring for themselves.  Defendants do not contend that the BOP will be unable to accommodate Ms. Middleton or meet her medical needs.  Indeed, as the government explains in its opposition, Ms. Middleton has been ordered to report to FMC Carswell, a federal medical facility which "provide[s] Level 3 and Level 4 medical and mental health care to inmates"—"the Bureau of Prison's highest levels of medical care."  Dkt. 201 at 2 (citing *Bureau of Prisons Care Level Classification* 3 (May 2019), https://perma.cc/HK9G-959A).  FMC Carswell is equipped to provide care for serious medical conditions, including "[c]ancer on active treatment, dialysis, quadriplegia, stroke or head injury patients, major surgical treatment, and high-risk pregnancy."  *Id.*  Moreover, FMC Carswell will be equipped to care for Ms. Middleton in particular.  The government consulted with the BOP, which confirmed that it could

---

[1] Ms. Middleton asserted, for example, that she delayed the required knee surgery because she is uninsured, but implausibly maintained that she did not apply for Medicaid because she believed that the government (presumably in retaliation for her actions on January 6) would block any effort to obtain government-sponsored health insurance.  Hr'g Tr. at 10 (Dec. 9, 2024).  She further asserted that she has now received a "grant" from the hospital to perform the surgery, but she failed to explain why she did not apply for such a grant earlier.  *Id.* at 5.

3

provide medical care to inmates recovering from joint replacement surgeries, and that it was aware of and prepared for Ms. Middleton's arrival. *Id.* at 3; *see also* Hr'g Tr. at 5 (Dec. 9, 2024).

Finally, although the Court appreciates that Ms. Middleton suffers from several health issues, the Court is unpersuaded that the contemplated surgery is urgent. As noted above, Ms. Middleton explained during the emergency hearing that this surgery was first recommended to her in 2022 and that, just days ago, her doctor advised her that she "will not last three years on [her] knee." Hr'g Tr. at 2–3 (Dec. 9, 2024). In other words, according to her physician's estimate, Ms. Middleton could even wait until she completes her twenty-month sentence (or seventeen months with good behavior) to receive the surgery. Nor is there any reason to believe that, if a more urgent need were to arise, the BOP would be unable to provide the care necessary to protect Ms. Middleton's health.

Accordingly, it is hereby **ORDERED** that Defendants' motion, Dkt. 199, is **DENIED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  December 10, 2024